### In re LANGSLOW et al.

(District Court, N. D. New York. April 7, 1899.)

BANKRUPTCY—FILING FEE—PARTNERSHIP PETITION.

Upon the voluntary application of a partnership for the benefit of the bankruptcy act, only one petition need be filed, and all that is done thereupon constitutes but one proceeding, although it includes granting a discharge to each of the partners; and only one deposit of the filing fee of $25 required by the act is necessary. It cannot be demanded of the partners, as a prerequisite to discharging them, that they should each separately deposit a like fee.

In Bankruptcy.

Perkins & Hays, for petitioner.
Quincy Van Voorhis, in pro. per.

COXE, District Judge. The question involved is whether the court can withhold discharges from these bankrupts, who were co-partners and who filed a partnership petition, upon the ground that they have not, severally, paid the fees required by the act. I do not see how the court can follow the course suggested by the learned referee. The law permits a partnership petition to be filed even after dissolution. Section 5. Section 40 and general order No. 35, 32 C. C. A. xxxiv., 89 Fed. xiii., recognize no other compensation to the referee, where there are no assets, than the preliminary fee deposited with the clerk. That this fee is wholly inadequate in many cases cannot be denied, but the remedy, of course, is with congress. The court has no power to enlarge the statutory fee. A partnership petition is but one proceeding. Only one petition (in triplicate) need be filed. The clerk has no authority to demand more than the statutory fees. The adjudication and reference follow as a matter of course, and the referee must proceed as required by the law, general orders and rules. The question is determined by the fact that, in contemplation of law, there is but one petition and one proceeding.