### In re FARLEY et al.

#### (District Court, W. D. Virginia. May 1, 1902.)

1. BANKRUPTCY—PLEADING AND PRACTICE—PARTNERSHIPS — INDIVIDUAL DISCHARGE—SEPARATE PETITIONS AND ADJUDICATIONS.

Where the members of a partnership, which files a voluntary petition in bankruptcy, desire discharges from their individual as well as firm liabilities, they should each file an individual petition, separate orders of adjudication and of reference should be made as to each partner and as to the firm, and all further proceedings should be conducted as though there were separate cases as to each partner in addition to the partnership case.

**2. SAME—FEES.**

Bankr. Act 1898, § 52a, provides that clerks shall receive, as full compensation for their services to "each estate," a certain fee; sections 40a and 48a provide that referees and trustees shall receive a certain fee "in each case"; and section 5, relating to partnership estates, treats of them as separate from those of the individual partners. *Held,* that where members of a partnership, which filed a voluntary petition in bankruptcy, sought and received discharge from their individual as well as firm liabilities, the clerk, referee, and trustee, respectively, were entitled to separate fees, as though there were separate and distinct cases as to each partner in addition to the partnership case, although no individual petitions were filed, and in other respects the case was improperly treated as a single matter.

Berkeley & Harrison, for bankrupts.

McDOWELL, District Judge. In this case a voluntary petition in bankruptcy was filed, form 2 being used, entitled, "In the Matter of W. H. Farley & Co., Bankrupts." After the address, the paper reads: "The petition of W. T. Farley and W. H. Farley." The petitioners are stated to have been partners under the firm name of W. H. Farley & Co. With the petition are schedules of the firm assets and liabilities, and schedules of the assets and liabilities of each member of the firm. The petition, following the printed form, prays that "the said firm" may be adjudged to be bankrupts. On the filing of this petition, the sum of $25, to cover the fees of the clerk, referee, and trustee, was paid to the clerk. The one order of adjudication is that W. T. Farley and W. H. Farley "is hereby declared and adjudged a bankrupt." Only one order of reference was made, and one bond was given by the trustee. The referee issued three certificates, one to each of the partners, and one to the firm, that each was entitled to a discharge. Two petitions for discharge, one by each of the partners, were filed, and two orders of discharge, one as to each of the partners, were made. During the pendency of the proceedings, upon demand therefor, each of the partners paid to the clerk, under protest, $25, to cover fees, thus paying $75 in fees. The partners claim that the officers are entitled to only one fee each, and move for an order requiring the repayment of the $50 paid under protest. In re Meyer, 39 C. C. A. 370, 98 Fed. 979, and In re Barden (D. C.) 101 Fed. 555, hold that the intent of the bankrupt act is to treat a partnership as an entity distinct from the individuals composing it. In the former case it is said:

"We are of the opinion that it is the scheme of these provisions to treat the partnership as an entity, which may be adjudged a bankrupt by voluntary or involuntary proceeding, irrespective of any adjudication of the individual partners as bankrupt. * * *"

It is true that it is also said in the same paragraph:

"The section is silent respecting a discharge of the partners individually. It does not, by terms or by implication, preclude an adjudication of the individual partners as bankrupt in the partnership proceeding, and, if there is such an adjudication, there is nothing to prevent the partners from receiving a discharge individually, if they are otherwise entitled to it under the act."

The conclusion I reach is that when the members of a firm which files a voluntary petition desire to be adjudicated bankrupts individually, i. e., as against their individual creditors, as well as against the firm creditors, they should each file an individual petition; and that in a case such as the present, where there are two partners each desiring an individual discharge, there should be three orders of adjudication and of reference, and that in all the other proceedings the idea of the three separate "cases" should be carried out. Certainly, three separate estates are to be administered, and, in strictness, three discharges are sought. In re Langslow (D. C.) 98 Fed. 869, and In re Gay (D. C.) Id. 870, hold that in cases such as this only one fee is to be allowed. The reasoning in these cases does not seem to me as satisfactory as that in Barden's Case (D. C.) 101 Fed. 555, in which the reverse is held.

As to the right of the clerk to three fees, under the circumstances here, I can entertain no doubt. Bankr. Act, § 52a, provides: "Clerks shall respectively receive as full compensation for their service to each estate a filing fee of $10. * * *" Section 5 clearly treats as separate the respective estates of the firm and of each of the partners. The language of the act in respect to the fees of the referee and trustee is not so plain. Sections 40a, 48a. In each the language is a fee "in each case," to be deposited with the clerk at the time the petition is filed. If I am right in thinking that three petitions should have been filed in the matter in hand, it seems clear that the word "case," as used in the act, is intended to apply to the duties of these officers as to each estate; and, even if separate petitions are not necessary, it still does not follow that the proceedings as to the three separate estates constitute only one "case."

It is contended that In re Barden does not apply here, because several petitions were filed at different times in that case. But the reasoning of the court is not based on this fact; and, as before stated, in the case at bar the individual members of the firm should have filed individual petitions at the time of filing the firm petition. If only a firm petition is filed, and a discharge of the members of the firm quoad the firm liabilities only is wanted, then only one fee should be allowed to each officer. In such a case it is true that the several estates of the firm and of the partners will be involved, but only the firm estate will be administered. If, however, the partners seek discharges both as against the firm creditors and as against their respective individual creditors, it is evident that the several estates must be administered. In such cases several fees are allowable.

In the present case the discharges which have been granted apply to all provable claims against each of the partners. It follows that the officers are entitled to the fees paid under protest.