In re CURRIE et al.

(District Court, E. D. Michigan, S. D. December 9, 1910.)

No. 1,525.

BANKRUPTCY (§ 127*)—PARTNERSHIP—SEPARATE TRUSTEES FOR FIRM AND PERSONAL ESTATES.

A court of bankruptcy has discretionary power to appoint separate trustees for the estates of a bankrupt partnership and of an individual partner; but such power should be exercised only in case of special and peculiar necessity, for the protection of rights which cannot be adequately protected by a common trustee or by creditors directly.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 183; Dec. Dig. § 127.*]

In the matter of Cameron Currie and Louis H. Case, as partners and individually, bankrupts. On petition of Alice H. Du Charme and others for the appointment of a separate trustee for Currie. Denied.

Bernard B. Selling and Graves, Hatch & Wasey, of Detroit, Mich., for petitioners.

Angell, Boynton, McMillan & Bodman, of Detroit, Mich., for trustee.

Walker & Spalding, of Detroit, Mich., for bankrupt Currie.

Gray & Gray, of Detroit, Mich., for bankrupt Case.

DENISON, District Judge. Application is now made to me to provide for the appointment of a trustee for the individual estate of Cameron Currie, as distinguished from the partnership estate. Up to this time Mr. Austin has acted as trustee generally for both firm and individual estates.

Usually there will be no difficulty in meeting all the complications that may result from the conflicting interests of firm and individual creditors. The bankruptcy court has control of all the funds, any creditor may be heard, as to the funds the trustee is in the position of a receiver, and the court will marshal the assets. It is therefore the usual practice that there is a common trustee for all the assets, and the statute contemplates this as the normal situation. However, there must sometimes be the exceptional case, where the trustee must go outside of the bankruptcy court and into a field beyond its immediate control to do some affirmative act. In such case, if the act is one which the firm trustee cannot do, but which a trustee for the individual estate might do, it would seem that an individual trustee must be contemplated so that the beneficiaries of the individual trust may not lose legal or equitable rights. So we find that the existence of the two estates, as separate entities, is expressly recognized by several sections of the statute and by decisions (In re Telfer, Trustee, 184 Fed. 224, 106 C. C. A. 366 [C. C. A. 6th, decided November 9, 1910]; Hiscock v. Varick Bank, 206 U. S. 28, 27 Sup. Ct. 681, 51 L. Ed. 945), and I think the implication that there may be separate trustees is reasonably clear.

On the other hand, the appointment of different trustees for the different estates should be avoided wherever possible. The power is not beyond doubt, such appointment may cause more complications than it cures, and it is certain to promote contests and expense. My conclusion is that the court has the discretionary power to provide for separate trustees, but this power should be exercised only in case of special and peculiar necessity.

In this case, Austin, trustee, has successfully prosecuted to a decree for $90,000 a case in the Wayne Circuit Court, in chancery, against Hayden, Stone & Co., upon the theory that defendants were indebted to him, as trustee for firm creditors, and that certain of the firm creditors had special and peculiar rights of recovery against Hayden, Stone & Co. If the defendants therein submit to the decree, without appeal, or if it is affirmed on appeal, they claim a right to resort for indemnity to certain property said to constitute their security, which same property is said to have been the individual estate of Cameron Currie, and to have been expressly pledged (perhaps subject to Hayden, Stone & Co.'s lien) to secure some of his individual creditors. Thus a possible, or probable, conflict of interest between firm and individual creditors appears. To protect the latter, an appeal to the Supreme Court of the state of Michigan from this decree may be advisable; particularly if the defendants to the record do not appeal; but Austin, trustee, cannot appeal from the decree in favor of Austin, trustee. So if the trustee, claiming a greater sum, should appeal, it might be desirable for the individual creditors to be heard in the Supreme Court in opposition to the demand for a larger decree; but Austin, trustee, cannot prosecute and defend the same appeal.

It does not follow that there must be a separate trustee, if there is any other way in which the rights of the individual creditors can be

protected. I have not observed any reason why the present petitioners, individual creditors, would not have just as much right to intervene and defend, or appeal, as a separate trustee, if he be appointed for them, would have—no more and no less. The equity rule is well established that beneficiaries who are not normally necessary, or even proper parties, when their trustee is present, may nevertheless intervene in their own names when their trustee does not, or cannot, properly represent them. Judge Lurton, in this circuit, discusses and applies this rule (Toler v. Railroad Co., 67 Fed. 168, at pages 170–174) and cites the Skiddy Case, 3 Hughes, at page 352 [Fed. Cas. No. 12,922], where Judge Bond declared that such intervention should be permitted after decree and for the purpose of appeal. See, also, Short on Railway Bonds & Mortgages, 482, 483. It is true that existing orders in this court and in the Wayne Circuit Court do not expressly authorize this kind of intervention; but I do not think they contemplate this subject at all, or have any operation to forbid intervention of a class not within the contemplation of the order. If the order of this court, which assumes to regulate only intervention by firm creditors, is thought to have any such prohibitory effect, I will modify it; and I assume that, if the judge of the Wayne Circuit was convinced that equity required the modification of the intervention order of that court, such modification would be made.

The meritorious question argued before me was whether the now petitioning creditors had so far acquiesced in the Wayne Circuit Court proceedings that it would be inequitable to permit them, in their own name, or by new trustee, to intervene and complain of what has been done; and this question is wholly and solely one for that court, not for this. An application to that court by creditors or by a new trustee would be decided according to the rule of law and due exercise of discretion as to that court might seem proper. The entire adversary conflict with Hayden, Stone & Co. is in that court, and every question there arising should be decided without embarrassment or suggestion of embarrassment from anything which I have said in the foregoing memorandum.

The petition for a separate trustee is denied, with leave to renew the same if it hereafter appears that the Wayne Circuit has denied the individual creditors' petition to intervene, and that such denial was not on the merits of the application, but was on the ground that they cannot be heard unless they appear by their separate trustee.