## In re RIDER et al.

### (District Court, D. Montana. January 30, 1915.)

### No. 887.

1. BANKRUPTCY ☞368—PARTNERSHIP—FEES AND COMMISSIONS OF TRUSTEE.

    Where a partnership and its members are adjudged bankrupt, on a single petition, as they should be, there is but one case for the purpose of computing the fees and commissions of the trustee, and commissions are to be computed only on the moneys disbursed as a whole.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. ☞368.]

2. BANKRUPTCY ☞368—CONSTRUCTION OF ACT—"CASE."

    The word "case," as used in Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (Comp. St. 1913, § 9585 et seq.), is used in its ordinary meaning as a comprehensive term, embracing the aggregate in respect to that which is brought and prosecuted in the form of a single proceeding.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. ☞368.

    For other definitions, see Words and Phrases, First and Second Series, Case.]

In the matter of Mary E. Rider and Mose D. Rider, individually and as partners doing business as the Capital Plumbing Company, bankrupts. On review of order of referee. Modified and affirmed.

Wight & Pew, of Helena, Mont, for petitioning creditors.

A. P. Heywood, of Helena, Mont., for bankrupts.

BOURQUIN, District Judge. A partnership and the two individuals composing it, joined in a single involuntary petition, were adjudged bankrupt. The appointed trustee petitioned for fees and commissions upon the partnership property or estate, and also upon the individual property or estate, separately computed. The referee allowed but one fee, but apparently granted the petition in respect to commissions. The trustee seeks review.

[1] The office of trustee and its duties are the creature of statute. Like public offices, the emoluments are those fixed by statute. Section 48 of the Bankruptcy Act provides that:

"Trustees shall receive for their services * * * a fee of five dollars deposited with the clerk at the time the petition is filed in each case," and "commissions on all moneys disbursed or turned over to any person," computed at a prescribed and diminishing rate. Comp. St. 1913, § 9632.

Section 72 of said act, added in 1903, is that:

"Neither the referee, receiver, marshal, nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and perscribed in this act." Comp. St. 1913, § 9656.

Bankruptcy proceedings are in equity. When they involve a partnership, and throughout are based upon a single petition, as they should be, and as herein, however numerous the parties and controversies, and the necessity of conforming procedure and relief thereto, they constitute, as in any like proceeding in equity, a single suit or case. It is the manner in which brought and prosecuted that determines whether proceedings are one case or more. A single case may be severed to form two or more, or two or more cases may be consolidated to form but one.

[2] There is little in the Bankruptcy Act to imply that the word "case" therein is intended to be of other than the ordinary signification, viz., a comprehensive term, embracing the aggregate in respect to that which is brought and prosecuted in the form of a single proceeding. However plausible the reasoning that in bankruptcy a partnership and its members are separate entities, with separate estates, at least since section 72, supra, and Francis v. McNeal, 228 U. S. 700, 33 Sup. Ct. 701, 57 L. Ed. 1029, there is no justification for the claim that though joined and prosecuted in a single petition they present separate cases for the purpose of fees, commissions, or aught else.

Although for procedural purposes in marshaling of assets the estates are separate, for the purpose of computing a trustee's fee and commissions there is but one case. Commissions are to be computed on the moneys disbursed as a whole, and not as separate estates, and avoid the possibility of double commissions upon moneys twice disbursed by necessary transfer from or payment by estate to estate.

There is no express authorization otherwise in the act, and none can be implied. Upon this subject see In re Farley (D. C.) 115 Fed. 359, and cases therein cited.

The referee's allowances and order will be modified to conform hereto, and, as modified, are confirmed.