---

In re WOOD.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1918.)

No. 3066.

1. BANKRUPTCY ⊜⊃446—REVISION—STATEMENT OF FACT IN OPINION—CONCLUSIONS.

Statement, uncontroverted in the record, of the District Judge, in his opinion on motion to set aside his reversal of the referee's order in bankruptcy, that a petition for review had been duly filed, is controlling on Circuit Court of Appeals, petitioned for revision.

2. BANKRUPTCY ⊜⊃342½—REFEREE—PETITION FOR REVIEW—FILING.

Petition for review of action of referee in bankruptcy, even if filed only with the clerk, having been treated by the referee as filed with him, was as effective as if first filed with him, and later by him with the clerk.

3. BANKRUPTCY ⊜⊃342½—REFEREE—PETITION FOR REVIEW—TIME OF FILING.

Time for filing petition for review of order of referee in bankruptcy commences, not from the date the order bears, but from the date of its entry.

4. BANKRUPTCY ⊜⊃446—REVISION—SCOPE—CONCLUSION OF FACT.

The Circuit Court of Appeals, in proceedings to revise, under Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (Comp. St. 1916, § 9608), is limited to review of matters in law, and so is bound by the District Judge's conclusion of fact that the individual bankrupt's individual liabilities exceeded his individual assets, so that there was nothing

in his individual estate for partnership creditors; there being evidence to support it, or the record not being such as to permit assumption of lack of such evidence.

5. BANKRUPTCY ⊕—442—REVISION—FORMAL FINDINGS—COMPLAINT OF ABSENCE.

The trustee in bankruptcy, under a petition to revise, in matters of law only, the order of the District Court reversing the order of the referee consolidating an individual estate with the partnership estate, and appointing the trustee of the partnership estate trustee of the individual estate, cannot complain of the absence of formal findings of fact by the District Judge, contemplated by C. C. A. Rule 34, subd. 2, 202 Fed. xxi, 118 C. C. A. xxi; he having asked no such findings, and the petition not asserting absence of testimony or admission supporting the conclusion of fact, in the judge's opinion, that the individual liabilities exceeded the individual assets, so that there was nothing in the individual estate for partnership creditors, nor asserting error in that respect; the copy of bill in equity to set aside conveyances, accompanying the petition, not being enough to controvert the conclusion of fact.

6. BANKRUPTCY ⊕—351—PARTNERSHIP AND MEMBERS—PAYMENT OF CREDITORS.

In administering the estate of a bankrupt partnership and its members, partnership creditors must first be paid out of the partnership assets and separate creditors out of the separate assets, before either class of creditors can resort to the other estate.

7. BANKRUPTCY ⊕—127—PARTNERSHIP AND PARTNERS—SEPARATE TRUSTEES —DISCRETION.

While Bankruptcy Act, § 5 (Comp. St. 1916, § 9589), contemplates the appointment in the normal case of the partnership trustee as trustee for the individual estate, and subdivisions "d," "e," and "f," as to keeping of accounts, payment of expenses, and appropriation of net proceeds, recognize that in the ordinary case such appointment is essential to an orderly and economic administration of the partnership estate and to the protection of the rights of partnership creditors, yet, such unitary appointment being nowhere expressly required, and the act contemplating an administration by a trustee selected by creditors, the court has discretionary power to appoint separate trustees for such estates, to be exercised only in case of special and peculiar necessity, for the protection of rights which cannot be adequately protected by a common trustee or by creditors directly, but providently used, instead of abused, where the proceeding against the partner was instituted after the administration of the partnership estate had progressed to a dividend, and the assets of the individual estate are insufficient to meet the debts of the estate, so that the partnership creditors can have no concern with the administration of the individual estate.

8. BANKRUPTCY ⊕—342½—REFEREE—ALLOWANCE TO ATTORNEYS—RECOMMITTAL.

Reversal of the order of the referee in bankruptcy, making lump sum allowances to attorneys, with recommittal of the matter to the referee for further consideration, was justified; it being impossible for the court to determine what services were performed, or to form an opinion other than that the allowances appeared to be very large, being more than 30 per cent. of the net estate for distribution.

Petition for Revision of Orders of the District Court of the United States for the Eastern District of Kentucky; A. M. J. Cochran, Judge.

Petition of C. L. Wood, as trustee in bankruptcy of G. W. McDaniel & Co. and George Mitchell, individually, to revise orders of the District Court in the case of such bankrupts. Orders affirmed.

⊕—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Cole & Cole, of Maysville, Ky., for petitioner.

W. H. Rees, of Maysville, Ky. (T. D. Slattery, of Maysville, Ky., of counsel), for respondents.

Before KNAPPEN, MACK, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. January 26, 1916, involuntary proceedings in bankruptcy were instituted against the firm of McDaniel & Co. The partnership was adjudicated bankrupt and a trustee appointed over the partnership estate. Adjudication as to the individual members of the firm was not asked and was not had. About four months later involuntary proceedings were begun against Mitchell, a member of the partnership, and he was adjudicated a bankrupt. At a creditors' meeting, in the matter of Mitchell's individual estate, held in the following January, the referee denied the motion of Mitchell's creditors to proceed to elect a trustee for his estate, and ordered the consolidation of the individual estate with that of the partnership, appointed the trustee of the partnership estate trustee of the individual estate, and directed the turning over of the latter to such trustee. This order was reversed by the District Judge. Meanwhile, the administration of the partnership estate had proceeded, and before the making of the order just referred to a small dividend had been declared. The referee's action, in connection with the dividend order, in awarding several hundred dollars compensation to the receiver and to the attorneys for petitioning creditors, for the trustee, and for the receiver, was reversed by the District Judge. This proceeding is brought by the trustee, under section 24b of the Bankruptcy Act, to review both these orders of reversal.

[1-3] 1. The trustee challenges the jurisdiction of the District Judge to entertain either petition for review. As to the first petition, the contention is that under General Order in Bankruptcy No. 27 the petition for review must be in writing and filed with the referee, that such petition was not filed, and that its subsequent filing conferred no jurisdiction. This contention must be overruled, for in his opinion on motion to set aside the reversal of the referee's order the District Judge states that, while in his first order he had given directions for the filing of petition in case one had not already been filed, it was ascertained that one had been duly filed, but had been misplaced. This statement is not controverted by the record. Moreover, it there affirmatively appears that the petition for review was filed on the same date that the certificate thereunder bears, and on the day previous to the filing of that certificate; and even if the petition was filed only with the clerk (as it may have been), it was treated by the referee as filed with him, and was as effective as if first filed with that officer and later by him filed with the clerk.

As to the other petition for review the criticism is that it was not filed within ten days after the order sought to be reviewed. But there is no suggestion of local rule requiring the petition to be presented within ten days, and the District Judge expressly asserts the absence of such rule. In fact, however, the petition was filed on the tenth day after the entry of the order complained of; and the date of the entry, not the date the order bears, governs.

[4, 5] 2. As to the selection of trustee: The petition to adjudicate the individual partner bankrupt was a wholly separate and independent proceeding. Not only was it not entitled in the matter of the partnership estate, but it contained no mention even of the fact of such estate, or of the existence of a partnership. The order of appointment was entitled in the individual estate. When the question of appointing a trustee came up, the administration of the partnership estate had already proceeded for about eight months. The action of the District Judge in reversing the appointment made by the referee was based upon the proposition, stated in his opinion, that:

"There can be no question, that the individual liabilities largely exceed the individual assets, so that there is nothing in the individual estate for partnership creditors."

This conclusion of fact is binding upon us, for in proceedings to revise under section 24b of the Bankruptcy Act we are limited to a review in matter of law, and cannot determine questions of fact involved in the finding or order sought to be reviewed, where there is any evidence to support them. Duryea Power Co. v. Sternbergh, 218 U. S. 299, 302, 31 Sup. Ct. 25, 54 L. Ed. 1047; In re Stewart (C. C. A. 6) 179 Fed. 222, 228, 102 C. C. A. 348; In re Holden (C. C. A. 6) 203 Fed. 229, 233, 121 C. C. A. 435. The record is not such as to permit the assumption of lack of evidence to support this statement. True, the opinion is not in form a finding of facts, such as contemplated by subdivision 2 of our rule 34 (202 Fed. xxi, 118 C. C. A. xxi); but petitioner asked no finding of facts, his petition to revise does not assert the absence of testimony or admission supporting the statement of the District Judge, nor is error in that respect asserted therein. The copy of bill in equity to set aside conveyances, accompanying the trustee's application to set aside the District Judge's order of reversal, is not enough to controvert the judge's conclusion of fact. The trustee, under a petition to revise in matter of law only, is not thus in position to complain of the absence of formal finding of facts.

[6] It is well settled that, in administering the estate of a bankrupt partnership and its members, partnership creditors must first be paid out of the partnership assets, and separate creditors out of the separate assets, before either class of creditors can resort to the other estate. Francis v. McNeal, 228 U. S. 695, 700, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; In re Telfer (C. C. A. 6) 184 Fed. 224, 231, 106 C. C. A. 366; International Corporation v. Cary (C. C. A. 6) 240 Fed. 101, 105, 153 C. C. A. 137.

[7] The important question upon this branch of the case thus is whether the bankruptcy court was, under the facts of this case, inflexibly bound, as matter of law, to appoint the trustee of the partnership estate trustee of the individual estate. The trustee contends that such appointment is compelled by the very terms of section 5 of the Bankruptcy Act, and, indeed, that under that section, and by the adjudication in the individual estate, the trustee of the partnership estate automatically became trustee of the individual estate. We are unable to agree with this contention. True, a partnership cannot ordinarily be insolvent unless all

the partners are (Francis v. McNeal, supra, 228 U. S. at pages 699–701, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; Vaccaro v. Security Bank [C. C. A. 6] 103 Fed. 436, 442, 443, 43 C. C. A. 279); and it is not only settled that where a partnership is declared bankrupt on a ground involving its insolvency, although less than all of the individual members are declared bankrupt, the bankruptcy court has power to draw to itself and administer the property of the other members (Francis v. McNeal, supra, 228 U. S. at page 700, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; Armstrong v. Fisher [C. C. A. 8] 224 Fed. 97, 99, 139 C. C. A. 653; Ft. Pitt, etc., Co. v. Diser [C. C. A. 6] 239 Fed. 443, 446, 447, 152 C. C. A. 321); but it is also settled, at least in this court, that a bankruptcy court administering the estate of a partnership has jurisdiction, as incidental thereto, to take possession of the property of a partner, although he has not been and could not be adjudged a bankrupt individually, and to administer the same as far as necessary to a settlement of the partnership (Dickas v. Barnes [C. C. A. 6] 140 Fed. 849, 72 C. C. A. 261, 5 L. R. A. [N. S.] 654; Ft. Pitt, etc., Co. v. Diser, supra, 239 Fed. at page 446, 152 C. C. A. 321). In our opinion, section 5 of the Bankruptcy Act contemplates the appointment, in the normal case, of the partnership trustee as trustee of the individual estate. In the ordinary case such appointment is essential to an orderly and economical administration of the partnership estate and to the protection of the rights of the partnership creditors; and section 5 recognizes this in providing (subdivision "d") for the keeping by the trustee of separate accounts of partnership and individual property, by providing (subdivision "e") for the payment of expenses from the partnership and individual property "in such proportions as the court shall determine," and by the provision (subdivision "f") for the appropriation of net proceeds of partnership property to partnership debts and of the individual estate of each partner to the payment of his individual debts; but the Bankruptcy Act, neither by the section in question nor otherwise, expressly requires such unitary appointment. Moreover, the theory of the act contemplates an administration by a trustee selected by creditors; and, as remarked by Judge Warrington, speaking for this court in the Telfer Case, supra:

"Neither the bankrupt partnership nor its trustee can have any possible interest in the separate estate of any of the bankrupt partners, except only for the benefit of the partnership creditors."

We think, therefore, that the bankruptcy court is given discretionary power to appoint separate trustees for the estates of a bankrupt partnership and of the individual partners, but that such power should be exercised only in case of special and peculiar necessity for the protection of rights which cannot be adequately protected by a common trustee or by creditors directly. In re Currie (D. C.) 197 Fed. 1012. In this case, in view of its history and accepting, as we must, Judge Cochran's statement that the assets of the individual estate are insufficient to meet the debts of that estate, and it thus appearing that partnership creditors can have no possible concern with the administration of the individual estate, we think the bankruptcy court had discre-

tionary authority to require the appointment of a separate trustee for the estate of the individual partner, and, having such discretionary authority, his exercise of it should not be disturbed unless shown to have been abused. The record not only shows no such abuse, but, on the contrary, indicates that the authority was providently exercised. The order of the District Judge impliedly, we think, reversed the order consolidating the individual and partnership estates.

[8] 3. As to the order of compensation: The order itself is not printed in the record, but from what is contained therein, and in briefs, it would appear that the awards criticized were $150 to the receiver, $400 to the attorneys representing both the petitioning creditors and the receiver, and $300 to the attorney for the trustee. It does not appear how the $400 item was apportioned, but the District Judge states that:

"According to the exceptions and petition of the petitioners here $100 was allowed them for their services to the petitioning creditors and $300 for their services to the receiver."

By reason of the facts that all the allowances were "lump sums," that it did not appear whether the allowance to the receiver was within the statute, that it was impossible to determine what legal services were rendered to the receiver and what to the trustee, to justify their allowance, the court found itself in no position "to form an opinion other than to say that the allowances to the attorneys appeared to be very large," being "more than 30 per cent. of the net estate in the hands of the trustee for distribution"—the judge stating, however, that if but $100 was allowed for attorney's fees to the petitioning creditors "the probability is that the allowance on [that] account is not out of the way."

The order of allowance was "accordingly reversed and re-referred to the referee for further consideration." The District Judge has thus not finally passed upon the award, and his order, in view of the considerations stated by him, was entirely justified.

The orders of the District Court are affirmed.