**WILLIS v. HART, Clerk of United States District Court.**

(Circuit Court of Appeals, Fifth Circuit. February 15, 1926.)

No. 4491.

Bankruptcy ☞474—Where partnership filed voluntary petition, and estates of partnership and of two of partners each had assets sufficient to pay secured creditors, trustee and referee held not entitled to fees from each of estates (Bankruptcy Act, §§ 5h, 40a, 48a, 52, 72 [Comp. St. §§ 9589, 9624, 9632, 9636, 9656]; General Order 35).

Where partnership filed voluntary petition in bankruptcy, and estates of partnership and of two of the partners each had assets sufficient to pay secured creditors, trustees and referees *held* not entitled to fees from each of estates, in view of Bankruptcy Act, §§ 40a, 48a, 72 (Comp. St. §§ 9624, 9632, 9656) and General Order 35, making fees of trustees and referees payable in each "case," and section 52 of the act (Comp. St. § 9636), prescribing fees of clerks for services to each "estate"; such petition being initial step in one "case" or proceeding, in which both partnership and individual estates are administered, except as provided in section 5h (Comp. St. § 9589).

Petition to Superintend and Revise from the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of the bankruptcy of the Phipps Lumber Company. On motion of J. D. Willis, trustee of the estate of the Phipps Lumber Company, to retax costs, opposed by D. H. Hart, Clerk of the United States District Court for the Western District of Texas. Motion overruled, and the trustee petitions to superintend and revise. Petition denied.

J. D. Willis, of Waco, Tex., for petitioner.

John D. Hartman, U. S. Atty., of El Paso, Tex., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. On August 27, 1923, the Phipps Lumber Company, a partnership composed of four persons, filed a voluntary petition in bankruptcy, praying that the partnership and the four persons composing it be adjudged bankrupt. The petitioner was appointed trustee of the estates of the partnership and of the individuals composing it. The estates of the partnership and of two of the partners each has assets amounting to more than enough to pay secured creditors. Petitioner asserted the claim that a fee of $5 was payable to him out of each of the three estates, and that a

fee of $15 was payable to the referee out of each of those estates. The court ruled against that claim. That ruling is presented for review.

What must be relied on to support the claim asserted is the provision of section 48a of the Bankruptcy Act (Comp. St. § 9632) that "trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case," and the provision of section 40a of the act (Comp. St. § 9624) that "referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case," etc. Each of the above-quoted provisions is accompanied by one prescribing percentage commissions on moneys disbursed or paid. Section 52 of the Act (Comp. St. § 9636) provides that "clerks shall respectively receive as full compensation for their service to each estate, a filing fee of ten dollars, except," etc. Only fees expressly authorized and prescribed by the act are allowable. Bankruptcy Act, § 72 (Comp. St. § 9656); General Order XXXV.

The prescribed fees of trustees and referees are payable in each case, while the prescribed fee of clerks is payable for their services to each estate. The language used shows that the lawmakers recognized a distinction between a "case" and an "estate." A voluntary partnership petition in bankruptcy is the initial step in one case or proceeding, in which the partnership and individual estates both are administered, except in the event provided for in section 5h of the act (Comp. St. § 9589). Francis v. McNeal, 33 S. Ct. 701, 228 U. S. 695, 57 L. Ed. 1029, L. R. A. 1915E, 706; Official Forms in Bankruptcy, form No. 2. It follows that the claim asserted is not sustainable.

The petition is denied.