### In re THOMPSON et al.

(District Court, D. New Hampshire. February 7, 1927.)

### No. 3221.

1. **Bankruptcy** ⊜474—**On filing of petition for partnership and its members, clerk should collect fee for referee and trustee for each estate to be administered (Bankruptcy Act, §§ 40a, 48a, 51a, 52a [Comp. St. §§ 9624, 9632, 9635, 9636]).**

The provisions of Bankruptcy Act, §§ 40a, 48a, 51a, 52a (Comp. St. §§ 9624, 9632, 9635, 9636), that the clerk shall collect the fees of the clerk, referee, and trustee in "each case" before filing the petition, requires him, where petition is filed for a partnership and its individual members, to collect the fee, not only for himself, but also for the referee and trustee, for each estate to be administered thereunder.

2. **Bankruptcy** ⊜474—**"Each case" and "each estate," as used in Bankruptcy Act in relation to fees of clerk, referee, and trustee, held to mean the same thing (Bankruptcy Act, §§ 40a, 48a, 51a, 52a [Comp. St. §§ 9624, 9632, 9635, 9636]).**

In Bankruptcy Act, §§ 40a, 48a, 51a, 52a (Comp. St. §§ 9624, 9632, 9635, 9636), relating to fees of clerk, referee, and trustee, the words "each case" and "each estate" are used as meaning the same thing.

[Ed. Note.—For other definitions, see Words and Phrases, Each Case.]

In Bankruptcy. In the matter of Giles O. Thompson and Alfred G. Thompson, doing business as the G. O. Thompson Company, bankrupts. On request for instructions relating to amount to be deposited with the clerk for fees.

MORRIS, District Judge. On January 21, 1927, Giles O. Thompson and Alfred G. Thompson, partners doing business as G. O.

Thompson Company, at Franklin, N. H., filed a petition in bankruptcy, alleging the insolvency of the partnership and each of the individual partners.

[1, 2] Advice of the court is sought by the clerk as to the amount of the deposit which should be made in this case and in those of like character.

Section 51a of the Bankruptcy Act (Comp. St. § 9635) provides that:

"Clerks shall * * * collect the fees of the clerk, referee, and trustee in *each case* instituted before filing the petition."

Section 52a (Comp. St. § 9636) provides that:

"Clerks shall respectively receive as full compensation for their service to *each estate* a filing fee of ten dollars, except when a fee is not required from a voluntary bankrupt."

Section 40a (Comp. St. § 9624) provides that:

"Referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars, deposited with the clerk at the time the petition is filed in *each case*, except when a fee is not required from a voluntary bankrupt," etc.

Section 48a (Comp. St. § 9632) provides that:

"Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in *each case*, except when a fee is not required from a voluntary bankrupt," etc.

The Bankruptcy Act recognizes a partnership as *an entity* for certain purposes, but does not *alter* the pre-existing rule *that the partnership can be in bankruptcy and the partners not.* Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; Bankruptcy Act, §§ 5a to 5h, inclusive (Comp. St. § 9589).

In the instant case, the partnership and each of the two partners are insolvent. The question presented is *whether or not the clerk, referee, and trustee* are *each* entitled to *three fees* to be filed with the clerk upon filing the petition.

It is to be noted that the clerk is entitled to $10 in *each estate*, while the referee and trustee are given a fee of $15 and $5 respectively, in *each case*.

As there are *three estates* to be administered, I entertain no doubt but that the *clerk is entitled to a filing of $30.*

The other provisions of the act to which reference has been made are not so clear. It seems incongruous that the Congress should

provide a fee of *$10 for the clerk* in *each estate,* and only *$15 for the referee,* who has the major part of the work to do. The referee is the *administrative officer.* He has to administer *three estates.*

Judge McDowell, in the case of In re Farley (D. C.) 115 F. 359, says:

"As to the right of the clerk to three fees, under the circumstances here, I can entertain no doubt. * * * Section 5 clearly treats as separate the respective estates of the firm and of each of the partners. The language of the act in respect to the fees of the referee and trustee is not so plain. * * * In each the language is a fee 'in *each case,*' to be deposited with the clerk at the time the petition is filed. If I am right in thinking that three petitions should have been filed in the matter in hand, it seems clear that the word 'case,' as used in the act, is intended to apply to the duties of these officers as to each estate; and, even if separate petitions are not necessary, it still does not follow that the proceedings as to the three separate estates constitute only one 'case.' "

In the case of In re Barden (D. C.) 101 F. 553, 556, Purnell, District Judge, says:

"The labors of the referee and trustee are greater in every case than those of the clerk. The referee, by section 39 [Comp. St. § 9623], is required to prepare dividends, examine schedules, and, if defective, cause them to be amended, furnish information to parties in interest, prepare records, prepare and file schedules of property and list of creditors, etc. In short, he is the court in many respects, as defined in section 1 [Comp. St. § 9585]. As the estates must be kept separate, the petitions and schedules being different, many questions may arise as to the estates of the firm or individual members, thus making several cases. Because the papers are or may be filed in the same files, case, jacket, or envelope does not, of necessity, make them one and the same case. The act recognizes separate estates, and it is a logical conclusion from the act itself it was intended that each petition, set of schedules, and estate should in the bankruptcy court constitute separate cases. 'Case' has no technical restrictive legal meaning. Congress evidently used the word to apply as above considered, and not, while allowing to the clerk a filing fee in each estate, require the officers created by the act to administer, collect, distribute, and settle possibly half a dozen estates as one case. The duties of these officers are more responsible, burdensome, and laborious than those of the clerk, and it is not reasonable to suppose Congress intended the narrow construction to be given to the act which would require of them so much more for so much less compensation in this peculiar class of proceedings. My conclusion is that * * * each petition and the accompanying schedules constitute a separate and distinct case."

In the case of Willis v. Hart, 11 F.(2d) 530, the Circuit Court of Appeals in the Fifth circuit, speaking through Walker, Circuit Judge, has taken the opposite view. It is said:

"The prescribed fees of trustees and referees are payable in each case, while the prescribed fee of clerks is payable for their services to each estate." The language used shows that the lawmakers recognized a distinction between a 'case' and an 'estate.' A voluntary partnership petition in bankruptcy is the initial step in one case or proceeding, in which the partnership and individual estates both are administered."

As has been said, "the general idea of the bankrupt law is economy in its administration, but, above this, the law is just." It should be just to the bankrupt, to the creditors, and to officers of the court. It should not require of the referee the multitudinous duties prescribed by the act without a fair compensation. It is true that in partnership cases only one petition is required, and this may be the defect, if any there is, in the reasoning in the first two cases cited. See Official Forms in Bankruptcy, form No. 2.

The language of section 51a may have some significance in determining the correct solution of the question. It provides that "clerks shall respectively (1) account for, as for other fees received by them, the clerk's fee paid in each case."

It may not signify that Congress was not making a distinction between the words "case" and "estate"; that in one section the word "case" is used, and in the next section the word "estate" is used. But it would have set the matter at rest if the words "fee" or "fees" had been used in section 51a, when more than one fee of $10 is to be paid in any one case.

If a technical construction be given to section 51a, the clerk would be required to account for only one fee in a case, although he may have collected three. A comparison of section 52a with 51a, at least, raises a doubt as to whether Congress intended to give a technical meaning to the word "case."

It hardly seems probable that Congress intended that a partnership and two or more individuals, by being members of a firm,

could secure the administration of their joint and individual estates for a single fee paid the referee, when, if there were no partnership connection, each individual would have to pay a filing fee of $15 to the referee.

It may be that my sympathies for the referee have biased my judgment, but on the whole I am inclined to hold that Congress did not intend to make the distinction, but that the *clerk, referee,* and *trustee,* are *each* entitled to a filing fee in *each individual estate.*

As the question has been open to considerable doubt, and has been practiced both ways in this district, a single filing fee having been filed in the case under consideration, no further fee will be required; but in *like matters hereafter filing fees will be required in accordance with this rescript.*