48.

In re RUSSELL et al.

Petition of MERRILL.

District Court, D. Delaware. August 31, 1928.

No. 549.

William T. Knowles, of Wilmington, Del., for bankrupt Merrill.

George W. Lilly, of Wilmington, Del., for bankrupt Russell.

MORRIS, District Judge. Upon a single involuntary petition filed against them, William Thomas Russell, John Davis Merrill, and Diamond State Products Company, a partnership of which they were the co-partners, were each and all adjudged bankrupt. For extraordinary reasons, deemed sufficient by the referee, one person was appointed trustee of the estate of Merrill, one of the estate of Russell, and a third of the partnership estate. To this no objection has been made by any one. By reason of a combination of peculiar circumstances, the partnership assets sold for more than enough to pay the administration costs and expenses and all indebtedness of the partnership and of each partner. The bankruptcy adjudication having been deemed by the parties in interest and the referee to have effected by operation of law a dissolution of the partnership (22 A. & E. [2d Ed.] 202; 20 R. C. L. 959), the partnership trustee paid the surplus to the trustees for the individual partners in the proportion of their respective interests in the partnership (Bankruptcy Act, § 5f, 11 USCA § 23(f). Upon final accounting, the referee made an order allowing to the trustee of the partnership estate commissions on all moneys disbursed or turned over by him to any person, including the trustees for the individual estates, and as well to each of the trustees for the individual estates commissions upon the moneys received by them from the partnership trustee and disbursed or turned over by them to the individual partners.

By petition for review one of the partners now challenges the validity of that order, in so far as it makes any allowance of fees to the trustee of his individual estate, and also in so far as the commissions allowed the partnership trustee were based upon the sums paid by him to the trustees for the individual estates for payment to the partners.

The first of these objections is planted upon section 48(a) of the Bankruptcy Act (11 USCA § 76(a) and the decisions in Willis v. Hart, 11 F.(2d) 530 (C. C. A. 5), In re Rider (D. C.) 220 F. 193, In re Langslow (D. C.) 98 F. 869, and In re Gay (D. C.) 98 F. 870. The section of the statute so relied upon provides that "trustees shall receive for their services * * * a fee

of five dollars deposited with the clerk at the time the petition is filed *in each case* (italics mine), * * * and such commissions on all moneys disbursed or turned over to any person, including lienholders, by them, as may be allowed by the courts, not to exceed" the prescribed percentages on the moneys disbursed or turned over.

The petitioner contends that a single petition in bankruptcy against the partnership and one or more of the partners constitutes but one "case," within the meaning of the foregoing statute, although the partnership estate and the individual estates are all administered and discharges granted to the partners individually in the proceedings instituted by the one petition. He likewise contends that the statute itself, by providing in section 52a (11 USCA § 80 (a) thereof that "clerks shall respectively receive as full compensation for their service to *each estate* (italics mine), a filing fee of ten dollars * * * * " makes a distinction between a "case" under section 48a and an "estate" under section 52a. He further asserts that, as section 72 of the act (11 USCA § 112) provides that certain officials, including trustees, shall not receive "any other or further compensation for his services than that expressly authorized and prescribed in this act" there is not only a want of statutory authority, but, as well, an express denial of authority, for the allowances made by the referee herein to the respective trustees of the individual estates.

In proceedings instituted by a voluntary petition, identical contentions were sustained by the Circuit Court of Appeals for the Fifth Circuit in Willis v. Hart, supra. In In re Rider, supra, too, "case" and "estate" were held to have been used by the Congress, not synonymously, but as counter or contrasting terms. Upon this ground the court held that, a single involuntary petition having been filed against a partnership and the two individuals composing it, the sole trustee was not entitled to have his fees and commissions separately computed upon the several estates. In In re Langslow, supra, Judge Coxe held that, under section 40a of the Bankruptcy Act (11 USCA § 68(a), providing that "referees shall receive, as full compensation for their services, * * * a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case, * * * " the referee was entitled to a single fee only, and not to an added fee for each partner in the bankruptcy case. A like decision was

made by Judge Aldrich of the District Court of New Hampshire in In re Gay, supra.

A different view of the meaning of this statute has recently been taken by the District Court of New Hampshire in In re Thompson, 17 F.(2d) 601. There the present judge for that district held that, where used in the statute with respect to payment for services, the words "each case" and "each estate" are used synonymously, and that the fees and commissions are payable for each estate. This view finds support in at least two other districts. In In re Farley (D. C.) 115 F. 359, Judge McDowell held that, notwithstanding but a single voluntary petition had been filed, and a single order of adjudication made, yet as discharges from their individual liabilities, as well as those of the firm, had been sought and granted, the clerk, the referee, and the trustee, respectively, were entitled to separate fees for each estate. Russell and Merrill have here applied for discharges for themselves individually. Again, in In re Barden (D. C.) 101 F. 553, although separate petitions were there filed for the partnership and for each partner, Judge Purnell, finding that in section 1 of the act special meanings are given to the words and phrases used in the act, "unless the same be inconsistent with the context," and that Congress thus by express terms made the context the test for the meaning of the words and phrases used in the act, concluded that, with respect to fees, "each estate" and "each case" are there used synonymously.

In view of this conflict among the decisions, it seems essential to examine the Bankruptcy Act (11 USCA) anew. In making this examination it must be borne in mind that the national Bankruptcy Act is a remedial statute, and is to be liberally construed with a view to carrying into effect its obvious purposes and intent. Many courts have so held. Collier on Bankruptcy, § 1. It must likewise be remembered that, though the meaning and intention of the Congress must primarily be determined from the language employed, yet it often happens that the language used is not clear and unambiguous, and that the true intention of the lawmaking body is not expressed with precision by the language employed, if that language is given its literal meaning.

In such cases the carrying out of the legislative intention, the prime and sole object of all rules of construction, can be accomplished only by allowing the reason and

purpose of the law, as indicated by its general terms and considered as a whole, to prevail over the literal import of particular words. 25 R. C. L. 967. That the meaning of the word "case," as used in section 48a of the Bankruptcy Act, is not plain and unambiguous is made manifest by the contrariety of the decisions pertaining thereto.

It is likewise obvious that the clear general intent of the statute is to provide a workable plan for the administration of bankruptcy estates. One of the recognized essential factors of the plan is the election or appointment of one or more trustees, vested with the powers and duties prescribed by the statute. That suitable trustees may be had, the statute discloses a manifest intent that they should be paid. The existence in partnership cases of the estates of the individual partners, as well as the partnership estate, is expressly recognized by the statute. Section 5g (11 USCA § 23(g). Moreover, it has been deliberately decided that in unusual cases, where the facts so warrant, a court of bankruptcy may appoint different trustees of the several estates. In re Wood, 248 F. 246 (C. C. A. 6); In re Currie (D. C.) 197 F. 1012.

Considering the statute as a whole, it is impossible to believe or conclude that it was the intention of Congress that in such cases the trustees of the individual estates should serve, regardless of the time and work involved, without compensation. Yet, as section 48b (11 USCA § 76(b) is without application, in that it is limited and restricted to payment of three trustees in one estate, no compensation is provided for them, unless it is that fixed by section 48a. For these reasons, I am of the opinion that the act considered as a whole requires that the word "case," as used in section 48a, be not given a narrow, restricted, or technical meaning, but be given one synonymous with the word "estate," as used in section 52a of the act.

Section 5f of the act makes it mandatory upon the partnership trustee to turn over to the trustees of the individual estates the surplus remaining in his hands. The words added to section 48a of the statute by the amendment of 1910—"or turned over to any person, including lienholders"—seem to me to make it clear that the trustees of the individual estates are entitled to fees and commissions on any parts of these sums disbursed or turned over by them to any person, including the individual partners. In fact, if the underlying reason for this amendment be resorted to, it becomes apparent that there is less basis for payment of commissions on sums turned over to lienholders than on sums turned over to the bankrupt himself. Again, the words "any person" are clear and of the broadest significance, and should not be limited by judicial construction, particularly in a manner to remove an inducement for a trustee to obtain the highest prices for the assets of the estate of which he is trustee.

The remaining exceptions to the referee's order do not, I think, call for separate consideration.

The order of the referee will be affirmed.