## In re WENZ.
## In re GALLOWAY.
## In re WENZ BAKING CO.

District Court, M. D. Pennsylvania. February 9, 1929.

No. 6027.

D. J. Fanning, of Troy, Pa., for petitioners.

H. L. Henderson, of Huntingdon, Pa., for respondent.

JOHNSON, District Judge. The court has for disposition exceptions to the taxation of $90 filing fee in the above three estates.

The rule of court, made June 18, 1925, provides as follows: "Where in connection with a partnership proceeding a petition is filed by or against an individual member of the partnership for adjudication in bankruptcy of his estate as separate from the partnership adjudication, the clerk shall collect and account for the filing fee from such individual, in addition to the filing fee for the partnership, except where the proceeding is in forma pauperis. Providing, that where husband and wife file a joint petition, only one filing fee shall be required."

Section 40a of the Bankruptcy Act (11 USCA § 68(a) provides as follows: "Referees shall receive as full compensation for their services, payable after they are rendered, a fee of fifteen dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt. * * * "

706

Section 48a of the Bankruptcy Act (11 USCA § 76(a) provides as follows: "Trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt. * * * "

Section 52a of the Bankruptcy Act (11 USCA § 80(a) provides that "clerks shall respectively charge and collect for their service to each estate, a filing fee of ten dollars, except when a fee is not required from a voluntary bankrupt."

The question to be determined here is whether the word "case," as used in sections 40a and 48a has the same meaning as the word "estate" in section 52a. The court is of the opinion that the words "case" and "estate" have the same meaning and are used synonymously. The clerk taxed and collected $5 for the trustee in each case or estate, making $15 for the trustee, also $15 in each case or estate for the referee, making $45 for the referee, and $10 in each case or estate, making $30 here for the clerk. The total amount of fees which the clerk must tax and collect is $90, which sum was correctly taxed and collected under protest.

It is clear that in this bankruptcy there were three estates, the separate estate of L. M. Wenz, the separate estate of F. W. Galloway, and the separate estate of the copartners trading as Wenz Baking Company. Since the words "case" and "estate" have the same meaning, and are used synonymously, the clerk was correct in taxing and collecting fees in the amount of $90. This position is at variance with the opinion of Circuit Judge Walker in Willis v. Hart (C. C. A.) 11 F.(2d) 530, but is supported by the following authorities: In re Barden (D. C.) 101 F. 553; In re Farley et al. (D. C.) 115 F. 359; In re Thompson et al. (D. C.) 17 F. (2d) 601; In re Russell et al. (D. C.) 28 F. (2d) 48.

In the case of In re Barden, supra, District Judge Purnell held that the phrase "in each case" was not used in a more restricted sense of "in each estate." In the case of In re Farley, supra, District Judge McDowell said, on page 361: "It is contended that In re Barden does not apply here, because several petitions were filed at different times in that case. But the reasoning of the court is not based on this fact; and, as before stated, in the case at bar the individual members of the firm should have filed individual petitions at the time of filing the firm petitions. If only a firm petition is filed, and a discharge of the members of the firm quoad the firm liabilities only is wanted, then only one fee should be allowed to each officer. In such a case it is true that the several estates of the firm and of the partners will be involved, but only the firm estate will be administered. If, however, the partners seek discharges both as against the firm creditors and as against their respective individual creditors, it is evident that the several estates must be administered. In such cases several fees are allowable."

In the case of In re Thompson et al., supra, District Judge Morris said: "In the instant case, the partnership and each of the two partners are insolvent. The question presented is whether or not the clerk, referee, and trustee are each entitled to three fees to be filed with the clerk upon filing the petition. It is to be noted that the clerk is entitled to $10 in each estate, while the referee and trustee are given a fee of $15 and $5, respectively, in each case. As there are three estates to be administered, I entertain no doubt but that the clerk is entitled to a filing of $30. * * * It may be that my sympathies for the referee have biased my judgment, but on the whole I am inclined to hold that Congress did not intend to make the distinction, but that the clerk, referee, and trustee, are each entitled to a filing fee in each individual estate."

In the case of In re Russell et al., supra, District Judge Morris again said: "For these reasons, I am of the opinion that the act considered as a whole requires that the word 'case,' as used in section 48a, be not given a narrow, restricted, or technical meaning, but be given one synonymous with the word 'estate,' as used in section 52a of the act."

And now, February 9, 1929, for the reasons above stated, the exception filed by the petitioning creditors to the taxing and collecting of filing fees, amounting to $90, is dismissed.