### In re POULOS et al.
### No. 51017.

District Court, S. D. New York.
Aug. 1, 1931.

Ward & Palzer, of New York City (Nathaniel J. Palzer and Michael S. Gleason, both of New York City, of counsel), for trustee, Irving Trust Co.

Morris Kohn, of New York City, for bankrupts.

PATTERSON, District Judge.

A voluntary petition in bankruptcy was filed by Poulos and Millionas, individually

and as partners. The clerk collected from them at the time of the filing a fee of $5 for the trustee. The trustee has now presented a petition, asking that the additional sum of $10 be deposited by the bankrupts with the clerk. The contention is that under section 48a of the Bankruptcy Act (11 USCA § 76(a) the sum of $5 should be deposited as a trustee's fee for each estate to be administered, and that since in this case there are three estates (one partnership and two individual estates), the clerk should have demanded and been paid a total fee of $15 for the trustee. The opposing view is that the trustee in a partnership case is entitled only to a single fee of $5 for the case, regardless of the number of estates that may be bound up in it.

Section 48a of the act covers compensation of trustees. It provides that they shall receive a fee and commissions. The part dealing with the fee reads thus: "Trustees shall receive for their services, payable after they are rendered, a fee of $5 deposited with the clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt. * * *"

Similar language is used in providing for fees of referees. Section 40a (11 USCA § 68(a) says that they shall receive "a fee of $15 deposited with the clerk at the time the petition is filed in each case." In fixing the filing fee for clerks, Congress used somewhat different words, deliberately or otherwise, "clerks shall respectively charge and collect for their service to each estate, a filing fee of $10." Section 52a (11 USCA § 80(a).

As applied to partnership cases, where the act in section 5 contemplates that the partnership estate and the individual estates will be handled in one case or proceeding, the foregoing sections have given rise to a contrariety of opinion. The Circuit Court of Appeals of the Fifth Circuit emphasizes the use of the word "case" in the paragraphs relative to referees and trustees, in distinction to the word "estate" in the paragraph as to clerks and accordingly holds that referee and trustee get only one fee in each "case," although the clerk is entitled to one fee for each estate in a case. Willis v. Hart, 11 F.(2d) 530. The same holding has been reached in three District Court cases. In re Langslow (D. C.) 98 F. 869; In re Gay (D. C.) 98 F. 870; In re Rider (D. C.) 220 F. 193.

In other districts the view is taken that the word "case" in sections 40a and 48a is synonymous with "estate" as used in section 52(a), and that consequently not only clerks but also referees and trustees are entitled to the prescribed fee for each estate involved in a partnership case. In re Barden (D. C.) 101 F. 553; In re Farley (D. C.) 115 F. 359; In re Thompson (D. C.) 17 F.(2d) 601; In re Russell (D. C.) 28 F.(2d) 48; In re Wenz (D. C.) 30 F.(2d) 705.

There seems to be no reported decision in this district on the point. The present practice here in partnership cases is to require deposit of only one fee for the referee and one fee for the trustee.

It strikes me that the rule announced in Willis v. Hart, supra, is preferable and that referees and trustees are entitled respectively to a single fee in partnership cases. This view has the advantage of giving the words used in sections 40a and 48a, "in each case," a literal meaning. As to whether Congress intended a distinction between the fees of referees and trustees on the one hand, and clerks on the other, I cannot say; the departure in language may have been casual. There is no controlling policy either way. It is said by the petitioner that Congress must have had in mind fair pay for the administrative officers. That is true, but Congress also had in mind the establishment of a bankruptcy system which would not be unduly expensive to citizens resorting to it. Economy of operation is a factor of importance. In re Curtis (C. C. A.) 100 F. 784; Dunlap Hardware Co. v. Huddleston (C. C. A.) 167 F. 433; In re Consolidated Distributors, Inc. (C. C. A.) 298 F. 859. Under such circumstances it seems to me that the better practice is to adhere closely to the provisions of the act, rather than to assume that Congress, in using the word "case," must have meant "estate." It would be as reasonable to suppose that "estate" in the section dealing with clerks was inadvertently used to mean "case," and that accordingly clerks, like referees and trustees, should take only one fee in partnership cases.

In the very able brief filed by the trustee's attorneys, the argument is advanced that in section 48a the words "in each case" refer only to the time when the fee is to be deposited. The argument is interesting, but I am not convinced that this is the only effect to be given to the phrase.

It follows that the petition will be dismissed.