## FRANCIS, PETITIONER, *v.* McNEAL, TRUSTEE IN BANKRUPTCY OF THE PROVIDENT IN- VESTMENT BUREAU.

ON WRIT OF CERTIORARI TO THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 290. Argued May 5, 6, 1913.—Decided May 26, 1913.

Whether or not the copartnership is an entity distinct from the members, partnership debts are debts of the members of the firm.

The individual liability of partners for debts of the firm is primary and direct; it is not collateral like that of a surety.

The business of a bankruptcy act is so far as may be to preserve, not to upset, existing relations based on fundamental rules of law.

The Bankruptcy Act recognizes the firm as an entity for certain purposes, but does not alter the preëxisting rule that the partnership can be in bankruptcy and the partners not.

In this case an order directing that the separate estate of a member of a firm which had been adjudicated bankrupt be turned over to the trustee for administration is affirmed.

186 Fed. Rep. 481; 108 C. C. A. 459, affirmed.

THE facts, which involve the construction of the Bankruptcy Act of 1898 in regard to the administration by the trustee of a bankrupt copartnership of the individual estates of the partners, are stated in the opinion.

*Mr. Charles L. Frailey,* with whom *Mr. Henry J. Scott* was on the brief, for petitioner:

The trustee of a partnership which has been declared a bankrupt cannot administer the individual estate of a partner who has not himself been adjudged bankrupt.

A partnership for the purpose of adjudication and administration in bankruptcy under the act of July 1, 1898, is an entity separate and distinct from the members which compose the partnership.

Under the act of 1898 a partnership is a "person." It can commit any act of bankruptcy defined by the act (*In re Meyer*, 98 Fed. Rep. 976, 979), including, of course, that stated in § 3a. It can be discharged without reference to its members, under §§ 14a and b. Insolvency is defined, and the definition refers to the assets and liabilities of a "person." It is, therefore, a concrete thing under the act of 1898, subject as a distinct entity to the provisions of the statute. *Fidelity Co.* v. *Gaskell*, 195 Fed. Rep. 865; *Mills* v. *Fisher*, 159 Fed. Rep. 897; *In re Bertenshaw*, 157 Fed. Rep. 363; *Tumlin* v. *Bryan*, 165 Fed. Rep. 166; *In re Stein*, 127 Fed. Rep. 547, 549; *In re Mercur*, 122 Fed. Rep. 384, 388; *In re Sanderlin*, 109 Fed. Rep. 857; *In re Solomon*, 163 Fed. Rep. 140; *In re Everybody's Grocery*, 173 Fed. Rep. 492; *In re Meyer*, 98 Fed. Rep. 976, 979; *Strause* v. *Hooper*, 105 Fed. Rep. 590; *In re Farley*, 115 Fed. Rep. 359, 361; *In re Barden*, 101 Fed. Rep. 553, 555; *In re Hale*, 107 Fed. Rep. 432.

Before a partnership can be adjudged a bankrupt for an act of bankruptcy involving insolvency, it is not necessary that the individual partners must be insolvent also. *In re Bertenshaw*, 157 Fed. Rep. 363. See also *In re Sanderlin*, 109 Fed. Rep. 857; *In re Solomon*, 163 Fed. Rep. 140; *In re Everybody's Grocery Co.*, 173 Fed. Rep. 492. The leading case in opposition to this contention, *Vaccaro* v. *Security Bank of Memphis*, 103 Fed. Rep. 436, recognizes that the partnership is a complete legal entity and yet the property of the individual members of the partnership must be considered upon the question of the

firm's solvency, because each member of the partnership is liable *in solido* for the debts of the firm. But the individual property of each member is not the property of the partnership, and does not belong to it.

If the proposition announced in *Vaccaro* v. *Security Bank of Memphis*, 103 Fed. Rep. 436, is correct in a bankruptcy case involving insolvency the entity doctrine must be abandoned, and an adjudication of a partnership for an act of bankruptcy involving insolvency cannot take place unless all the partners are also adjudicated bankrupts upon that ground. If this is so, then the partnership is an entity for some purposes and not for others, although no such distinction whatever is made in the Bankruptcy Act itself.

See also on this subject *Tumlin* v. *Bryan*, 165 Fed. Rep. 166; *Re Forbes*, 128 Fed. Rep. 137; *In re Meyer*, 98 Fed. Rep. 384; *Re Mercur*, 122 Fed. Rep. 384.

Section 5h is applicable where the partnership has been adjudicated a bankrupt as well as where it has not.

If there be an unadjudicated partner, he may administer the estates of those who have been adjudicated; and if the firm—the separate entity—has also been adjudicated, certainly that fact cannot take from the unadjudicated partner his right to settle the partnership business as provided by this subdivision.

Indeed, it is more reasonable to suppose that subdivision h applies only where the partnership has been adjudicated. *Mills* v. *Fisher*, 159 Fed. Rep. 897; *Re Mercur*, 122 Fed. Rep. 384, 388.

Subdivision h enunciates a well-recognized equitable principle in the law of administration of partnerships. And it is reasonable to suppose that it was inserted for the purpose of covering the case, among others, where the partnership, as an entity contemplated by the statute and almost unanimously held by the Federal courts to be such, has been adjudicated a bankrupt in a matter in-

volving insolvency, independently of its members together with one or more of the partners but not all thereof and there is an unadjudicated partner. To hold otherwise would lead to the conclusion that this subdivision "is in effect a provision that the partnership shall not be made bankrupt except by an adjudication of all its partners, *Re Forbes*, 128 Fed. Rep. 137, *supra*, a conclusion impossible under the entity doctrine.

The trustee of a partnership adjudicated a bankrupt because of the commission by it of any of the acts of bankruptcy defined in the act of 1898, cannot draw to himself for administration or administer in bankruptcy the estate of an unadjudicated partner. *Re Stein*, 127 Fed. Rep. 547; *Strause* v. *Hooper*, 105 Fed. Rep. 590; *In re Bertenshaw*, 157 Fed. Rep. 363.

The only cases *contra* are *Re Duke*, 199 Fed. Rep. 199; *Re Stokes*, 106 Fed. Rep. 312; and the *obiter* in *Re Meyer*, 98 Fed. Rep. 977, and *In re Wing Yick*, 13 A. B. R. 757.

*Mr. George Wharton Pepper*, with whom *Mr. Edgar J. Pershing* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a proceeding to review an order of the Bankruptcy Court to the effect that the separate estate of Stanley Francis should be turned over for administration to the respondent, McNeal, trustee in bankruptcy of a firm of which Francis was a member. The order was made on the petition of the trustee, and was affirmed upon a petition for revision by the Circuit Court of Appeals. 186 Fed. Rep. 481. 108 C. C. A. 459.

The facts are short. Creditors filed a petition against Latimer, Francis and Marrin, alleging that they were

partners trading as the Provident Investment Bureau, and
that they were bankrupt individually and as a firm.
McNeal was appointed receiver of the partnership and
individual estates, but Francis denied that he was a
partner and sought to have the receiver discharged.
Thereupon, on March 13, 1906, it was agreed between the
counsel for the receiver and for Francis that McNeal
should be discharged as receiver of the individual estate
of Francis; that the question whether Francis was a
partner should be referred to one of the regular referees;
that until the determination of that question, his counsel,
Scott, should collect the rents and retain possession of his
estate; and that thereafter Scott should account and turn
over the funds to such person as the court might direct.
On April 17 an order was made embodying the agreement
and naming a referee. The referee found that Francis was
a partner, and that now stands admitted for the purposes
of the present decision. The firm was adjudicated bank-
rupt in June, 1909. McNeal was appointed trustee in
July and forthwith filed the petition upon which the order
in question was made. The order declared that the sepa-
rate estate of Francis was subject to administration in
bankruptcy and ordered the real estate turned over to
McNeal, with leave to sell. The firm, even with the sepa-
rate estates of the partners, will not be able to pay its
debts in full.

Since Cory on Accounts was made more famous by
Lindley on Partnership the notion that the firm is an en-
tity distinct from its members has grown in popularity,
and the notion has been confirmed by recent speculations
as to the nature of corporations and the oneness of any
somewhat permanently combined group without the aid
of law. But the fact remains as true as ever that partner-
ship debts are debts of the members of the firm, and that
the individual liability of the members is not collateral
like that of a surety, but primary and direct, whatever

priorities there may be in the marshalling of assets. The nature of the liability is determined by the common law, not by the possible intervention of the Bankruptcy Act. Therefore ordinarily it would be impossible that a firm should be insolvent while the members of it remained able to pay its debts with money available for that end. A judgment could be got and the partnership debt satisfied on execution out of the individual estates.

The question is whether the Bankruptcy Act has established principles inconsistent with these fundamental rules, although the business of such an act is so far as may be to preserve, not to upset, existing relations. It is true that by § 1, the word 'person' as used in the act includes partnerships; that by the same section, a person shall be deemed insolvent when his property, exclusive &c., shall not be sufficient to pay his debts; that by § 5a, a partnership may be adjudged a bankrupt, and that by § 14a, any person may file an application for discharge. No doubt these clauses taken together recognize the firm as an entity for certain purposes, the most important of which, after all, is the old rule as to the prior claim of partnership debts on partnership assets and that of individual debts upon the individual estate. Section 5g. But we see no reason for supposing that it was intended to erect a commercial device for expressing special relations into an absolute and universal formula—a guillotine for cutting off all the consequences admitted to attach to partnerships elsewhere than in the bankruptcy courts. On the contrary we should infer from § 5, clauses c through g, that the assumption of the Bankruptcy Act was that the partnership and individual estates both were to be administered, and that the only exception was that in h, "in the event of one or more, but not all of the members of a partnership being adjudged bankrupt."

In that case naturally the partnership property may be administered by the partners not adjudged bankrupt and

does not come into bankruptcy at all except by consent. But we do not perceive that the clause imports that the partnership could be in bankruptcy, and the partners not. The hypothesis is that some of the partners are in, but that the firm has remained out, and provision is made for its continuing out. The necessary and natural meaning goes no further than that.

On the other hand it would be an anomaly to allow proceedings in bankruptcy against joint debtors from some of whom, at any time before, pending, or after the proceeding, the debt could be collected in full. If such proceedings were allowed it would be a further anomaly not to distribute all the partnership assets. Yet the individual estate after paying private debts is part of those assets so far as needed. Section 5f. Finally, it would be a third incongruity to grant a discharge in such a case from the debt considered as joint but to leave the same persons liable for it considered as several. We say the same persons, for however much the difference between firm and member under the statute be dwelt upon, the firm remains at common law a group of men and will be dealt with as such in the ordinary courts for use in which the discharge is granted. If, as in the present case, the partnership and individual estates together are not enough to pay the partnership debts, the rational thing to do, and one certainly not forbidden by the act, is to administer both in bankruptcy. If such a case is within § 5h, it is enough that Francis never has objected to the firm property being administered by the trustee.

If it be said that the logical result of our opinion is that the partners ought to be put into bankruptcy whenever the firm is, as held by the late Judge Lowell, in an able opinion, *In re Forbes,* 128 Fed. Rep. 137, it is a sufficient answer that no such objection has been taken, but on the contrary, Francis has consented and agreed to hand over his property according to the order of the court. So far

as *Vaccaro* v. *Security Bank of Memphis*, 103 Fed. Rep. 436, 442, is inconsistent with the opinion of the majority in *In re Bertenshaw*, 157 Fed. Rep. 363, we regard it as sustained by the stronger reasons and as correct.

*Decree affirmed.*