| Murphy v. Nicholson. | 87 N. J. L. |
| --- | --- |

CATHERINE MURPHY, PLAINTIFF-RESPONDENT, v. EDWARD A. NICHOLSON, DEFENDANT-APPELLANT.

Argued November 27, 1914—Decided April 22, 1915.

1. Where one of two partners independently guaranteed the payment of a note signed by the firm name and by the partners individually and endorsed by the accommodation endorser and by the partners individually, the independent guarantee was of no higher obligation than existed when the promissory note was signed in the firm's name and endorsed individually by the partners.  When the accommodation endorser paid the note the obligation of the partner, arising from the independent promise, to indemnify, became fixed, and the debt thereby created was discharged by the partner and firm procuring a discharge in bankruptcy.

2. A certificate of discharge in bankruptcy reciting that the partners, trading as a firm, "be discharged from all debts and claims which are made provable by said acts, their estates or the estates of either of them," is most comprehensive in character and discharges the firm from all debts and claims which are made provable by the bankruptcy acts, their estates or the estates of either of them, irrespective of the fact whether such claims and debts are co-partnership or individual obligation.

On appeal from the Supreme Court.

For the appellant, *Aaron V. Dawes* (*Harry Heher* on the brief).

For the respondent, *James J. McGoogan.*

The opinion of the court was delivered by

KALISCH, J. The appellant and one Carson were partners under the firm name of Carson & Nicholson. The respondent was requested by the firm to endorse, for its accommodation, a promissory note for the sum of $300, payable to the order of the respondent, which she refused to do, unless the appellant would individually guarantee to her the payment thereof, which he did, whereon she endorsed it.

The promissory note was signed by the firm in the firm's name and individually by each member of the firm. It was endorsed first by the payee, the respondent, then by the members of the firm individually.

Before the note matured the firm of Carson & Nicholson filed a petition in bankruptcy and Walter M. Carson and Edward A. Nicholson, trading as Carson & Nicholson, were declared and adjudged bankrupts. After the note had matured the respondent paid the Trenton Banking Company, the holder thereof, the face value of it.

Subsequently the respondent proved her claim on the promissory note against the bankrupts before the referee in bankruptcy, and upon a distribution of the proceeds of the assets realized from the bankrupt's estate, she received thereout $32.86.

The firm of Carson & Nicholson and the appellant were discharged in bankruptcy, on the fifteenth day of July, 1912.

In July, 1913, the respondent brought her action in the District Court of the city of Trenton against the appellant, to recover the sum of $267.14, which she claimed was the balance due upon the promissory note, the payment of which the appellant had guaranteed to her, and she based her right of recovery on the appellant's independent verbal promise to indemnify and save her harmless.

The case was tried by the court, sitting without a jury, and the trial court found from the testimony in the cause that the appellant made an independent verbal promise based on a valuable consideration, guaranteeing the payment of the promissory note, and that the discharge in bankruptcy did

not discharge appellant's obligation on his guaranty, and gave judgment for respondent.

On appeal taken to the Supreme Court that judgment was affirmed. The Supreme Court held that the independent verbal promise of indemnity was valid and within the legal rule laid down in *Apgar, Administrator,* v. *Hiler,* 24 *N. J. L.* 812.

The conclusion reached on another branch of the case makes it unnecessary for us to express any opinion on that matter.

The view taken by the Supreme Court that the discharge of the firm and appellant in bankruptcy in the United States District Court did not operate as a discharge of the appellant from his individual liabilities, and that even if it did so operate it would not discharge his liability, as surety, because the discharge of such an obligation is expressly exempted from the Bankruptcy act, is founded upon an evident faulty reading of the sixteenth section of the Bankruptcy act, which is as follows: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt."

No such anomaly can reasonably exist in the law as discharging a man who is liable both as principal and surety in one capacity and not in the other.

In the present case the appellant was a joint and individual maker of the promissory note and a joint and individual endorser. His implied promise as endorser was that he would pay the note if the firm or the other individual partner did not. The independent verbal guarantee which he gave to the respondent and upon which the present judgment is based was of no higher individual obligation than existed when the promissory note was signed in the firm's name and individually. It was an obligation to pay a debt. When the respondent paid the note to the Trenton Banking Company, the obligation to indemnify the respondent arising from the independent promise became fixed. It was nothing more than an indebtedness from the appellant to the respondent for the amount paid by her on the note.

That a bankrupt may be discharged from such an obligation is plain.

In *Williams et al.* v. *U. S. Fidelity & Guaranty Co.,* 35 *Sup. Ct. Rep.* 289, where it appeared that bankrupt partners agreed to indemnify the U. S. Fidelity & Guaranty Co., their surety, against loss by their bond conditioned to secure their faithful performance of a building contract, in which they defaulted before the commencement of the bankruptcy proceedings, it was held that though the surety did not pay the damages which ensued from the breach of the bond until after the beginning of such bankruptcy proceedings, nevertheless it was an obligation released by the discharge.

And (on *p.* 291) Mr. Justice McReynolds, who delivered the opinion of the court, said: "Within the intendment of the law provable debts include all liabilities of the bankrupt founded on contract, express or implied, which, at the time of the bankruptcy, were fixed in amount or susceptible of liquidation."

And then again on same page: "It would be contrary to the basal spirit of the Bankrupt law to permit a surety by simply postponing compliance with his own promise in respect of a liability until after bankruptcy, to preserve a right of recovery over against his principal, notwithstanding the discharge would have extinguished this if the surety had promptly performed as he agreed. Such an interpretation would effectually defeat a fundamental purpose of the enactment."

We now turn to a consideration of the main contention made by the respondent to uphold the validity of the judgment, and that is that the certificates of discharge introduced in evidence in the trial court, do not show that the appellant was discharged from anything more than his copartnership liabilities.

The pertinent portion of the certificate of discharge of the firm reads: "that said Walter M. Carson and Edward A. Nicholson, partners trading as Carson & Nicholson, be discharged from all debts and claims which are made provable by said acts, their estates or the estates of either of them."

That of the individual certificates of discharge reads: "that the said Edward A. Nicholson be discharged from all debts and claims, copartnership which are made provable by said acts against his estate."

It is observed that the essential difference between the two certificates is that in the former the discharge is as to all debts and claims which are made provable by said acts; "except such debts as are by law excepted from the operation of a discharge in bankruptcy," and in the latter, the individual discharge, relates to debts and claims, copartnership which are made provable against the individual estate of the bankrupt partner.

It must not be overlooked that the certificate of discharge of the firm is most comprehensive in character, for it discharges the firm from all debts and claims which are made provable by the bankruptcy acts, their estates or the estates of either of them, irrespective of the fact that whether such claims and debts are copartnership or individual obligations.

The certificate of discharge of the individual member of the firm is in aid of the copartnership certificate of discharge in that it discharges *debts and claims copartnership* which are made provable against the individual estate of the bankrupt partner.

The eleventh clause of section 1 of the Bankruptcy act declares that the term "debt" shall include any debt, demand, or claim provable in bankruptcy. Clause twelve of the same section declares "discharge" shall mean the release of a bankrupt from all of his debts which are provable in bankruptcy, except such are excepted by this act.

That a debt arising out of the suretyship of a bankrupt debtor is not exempted by the act has already been pointed out. If, therefore, the obligation of the appellant arising out of his suretyship was a provable debt against the appellant's estate, then he was released therefrom when he was discharged.

In the present case, it appears that the respondent proved her claim arising out of the promissory note, which note on its face showed a debt or claim against the copartnership as well as against the individual estates of each partner. In

view of the fact that the claim arising out of the appellant's suretyship is not exempted by the act, it becomes wholly unimportant in what particular legal aspect the respondent proved her claim.

This is made clear when it is understood that under section 4 of the Bankruptcy act when a partnership becomes bankrupt, the court of bankruptcy administers both the partnership and individual property; that the trustee is required to keep separate accounts of the property belonging to the partnership and to the individual partners; that the expenses are paid from the partnership property and individual property in such proportions as the court shall determine; that the net proceeds of the partnership property are appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts. If any surplus remains of the property of any partner after paying his individual debts, such surplus is required to be added to the partnership assets and applied to the payment of the partnership debts, and if any surplus remains after paying the partnership debts such surplus is required to be added to the assets of the individual partners in the proportion of their respective interests in the partnership.

We are not concerned, in the present case, with the discussion whether or not a partnership may be declared insolvent and nevertheless the individual members thereof remain solvent, a view which has been repudiated in *Francis* v. *McNeil,* 228 *U. S.* 695, because it appears by the recitation in the certificates of discharge in evidence, that not only was the partnership duly adjudged bankrupt, but also each individual member thereof.

Whatever criticism may be justly made as to the form in which the certificates of discharge are worded, it is clear from the excerpts of the Bankruptcy act above quoted that the legal effect of the discharge was to release the appellant from the respondent's claim and therefore the judgment of the Supreme Court affirming the judgment of the District Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WILLIAMS, JJ. 9.