(91 South. 487)

**WAGNER GROCERY CO. v. DODD–COONER MERCANTILE CO. et al.**
**(6 Div. 497.)**

(Supreme Court of Alabama.   Oct. 20, 1921.
Rehearing Denied Nov. 17, 1921.)

1. **Bankruptcy ⟨⟩435—Plea alleging one partner's discharge did not plead discharge of partnership debt.**

In an action against D. C. Co., a partnership, for debt, where defendant set up the discharge in bankruptcy of D., doing business under the firm name of D. C. Co., and sought to conclude plaintiff's remedy against other partners of D. C. Co., but averred only the petition in bankruptcy of D. individually and his discharge, the bankruptcy adjudication was invoked in respect alone of the estate of D., and not the estate of the partnership, and was insufficient.

2. **Pleading ⟨⟩34(4)—On demurrer, equivocal pleading construed against pleader.**

On demurrer, an equivocal pleading is construed against the pleader.

3. **Bankruptcy ⟨⟩363—Presentation of claim against individual bankrupt partner not estoppel from claiming debt from partnership.**

In an action against a partnership for debt, where an individual partner pleaded his discharge in bankruptcy, and that plaintiff had filed his claim, and that it was scheduled as one of the creditors of the partnership, and plaintiff was paid a dividend out of the proceeds distributed, and that no action was taken against any of the other partners in bankruptcy, since defendants' estate was individually liable for the firm debt, not as a surety, but primarily, plaintiff as a firm creditor evinced no election and erected no estoppel by enforcing his claim against the individual estate.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Assumpsit by the Wagner Grocery Company, a corporation, against the Dodd-Cooner Mercantile Company, a partnership, alleged to be composed of the persons named in the opinion, together with the individuals composing the partnership. Judgment for the defendants and the plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

The following is plea 9 directed to be set out:

"(9) For further special plea to each count of this complaint separately defendants each separately say: That on, to wit, August 2, 1919, B. G. Dodd, doing business under the firm name of Dodd-Cooner Mercantile Company, filed a petition in the District Court of the United States of the Northern District of Alabama; that said petition by said party under said name prayed to be adjudged a bankrupt; that, if the other named defendants in this case are liable to this plaintiff, they are liable on account and because of the fact that they were partners in the Dodd-Cooner Mercantile Company; that B. G. Dodd, doing business under the firm name of Dodd-Cooner Mercantile Company, was on, to wit, August 2, adjudged a bankrupt; that said court was a court of jurisdiction over this matter, and had jurisdiction to force each member of said partnership into said court, and to adjudge each member of said partnership a bankrupt, and compel him or them to turn over their property to this said court for distribution among the creditors of the said Dodd-Cooner Mercantile Company; that any creditor of said concern could have forced any member to turn over his assets to said court for distribution; that the plaintiff in this case, as a creditor of said concern, filed his or its claim in the said bankrupt court; that it was scheduled as one of the creditors of said concern, filed its claim, was paid a dividend out of all the proceeds that were distributed among said creditors, and shared in said distribution; that no action whatsoever was taken against any of the defendants in this case in said court, which had jurisdiction to determine who were the partners of the said Dodd-Cooner Mercantile Company, and in the adjudication of the partners of said concern, none of the defendants, except B. G. Dodd, was found to be a partner of said concern; that on, to wit, May 4, 1920, B. G. Dodd, doing business under the firm name of Dodd-Cooner Mercantile Company, was discharged from all debts which existed against him, prior to August 2, 1919, including the debt sued on in this case, and all matters pending in this court were tried and determined and adjudicated in the said federal court, and plaintiff cannot now recover in this court."

Appellant demurred to each of the said pleas 4, 5, 6, 7, 8, and 9 as follows:

"Comes the plaintiff in this cause and demurs to the defendant's pleas 4, 5, 6, 7, 8, and 9 separately and severally on the following grounds:

"(1) Said plea is no answer to the complaint.

"(2) The facts stated in said plea do not constitute a defense to the cause of action in this case.

"(3) The defendant, in said plea, neither confesses and avoids nor traverses the allegations of the complaint.

"(4) The facts set up therein do not show or aver that the matters and things involved in this action have been adjudicated by a court of competent jurisdiction.

"(5) The facts set up therein show that the court in which the alleged adjudication was had did not have jurisdiction to adjudicate the matters and things involved in this action. ·

"(6) The facts set up in said plea do not show that said defendant has been adjudged a bankrupt and has been discharged from this debt.

"(7) The facts set up therein do not, in law, constitute an estoppel against the plaintiff.

"(8) The facts set up therein are merely a conclusion of the pleader, and no facts are alleged to show as a matter of record that the matters and things involved in this action have been adjudicated by a court of competent jurisdiction.

"(9) The said trustee, for aught that appears, was without authority to bind this plaintiff in any negotiations regarding the indebtedness.

"(10) Nothing appears therein to show that any of the defendants, except B. G. Dodd, was adjudged a bankrupt and was discharged from liability on the account sued on.

"(11) The facts stated therein as a matter of law show that the said bankrupt court was without authority or jurisdiction to adjudicate the cause of action involved in this cause.

"(12) It is not shown therein that the said trustee in bankruptcy made any of the defendants, except B. G. Dodd, a party to the bankrupt proceeding as it is alleged he could and should have done.

"(13) It is not averred therein that any of the defendants, except B. G. Dodd, consented to have their individual property administered by the trustee in bankruptcy."

The court sustained the demurrers to pleas 4, 5, 7, and 8, and overruled them as to 6, and 9.

W. F. Finch, of Jasper, for appellant.

Each member of a partnership is individually liable for partnership debts. 162 Ala. 304, 50 South. 137. Partnership creditors may pursue the adjudicated partners before, during, and after bankruptcy against the partnerhip, and a discharge of the partnership, or either one of the partners, when the other partners are not adjudicated bankrupt, does not discharge the other partners from liability for partnership debts. (D. C.) 184 Fed. 144; 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986; 50 South. 281. The bankrupt court could not, under the pleadings, administer the property of the other partners without their consent. 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, and authorities supra.

J. M. Pennington, of Jasper, for appellees.

The Bankruptcy Act settles this question. See Bankruptcy Act, § 5, pars. "a" and "c." 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706.

McCLELLAN, J. [1] Through the common counts, the appellant, Wagner Grocery Company, sued "Dodd-Cooner Mercantile Company, a partnership composed of Virgil Dodd, B. G. Dodd, O. B. Cooner, and Wiley Weaver, and B. G. Dodd, Virgil Dodd, O. B. Cooner, and Wiley Weaver." Among other pleas, the defendants interposed plea 9, which is reproduced in the report of the appeal. The court overruled plaintiff's demurrer to this plea, and the only assignment of error in fact insisted upon in brief is referable to that ruling. In a phase, at least, this plea set up the discharge in bankruptcy of "D. B. Dodd, doing business under the firm name of Dodd-Cooner Mercantile Company," and sought thereby to conclude plaintiff's right to remedy or relief against others named, who are alleged to have been members of the partnership called Dodd-Cooner Mercantile Company, now impleaded. The court below mistook the effect of the plea's averment of discharge in the bankruptcy court. Instead of alleging the adjudication of the bankruptcy of the partnership, on the partnership's petition to that end, and the partnership's discharge in bankruptcy, concluding other action to enforce the payment of this indebtedness, the plea avers only the petition in bankruptcy of D. B. Dodd individually, and the discharge of D. B. Dodd individually; the reference to the Dodd-Cooner Mercantile Company in connection with D. B. Dodd being but descriptive, designative of D. B. Dodd. In short, the bankruptcy court's jurisdiction was invoked and exercised in respect alone of the estate of D. B. Dodd individually, and not the estate of the partnership described in plea 9.

[2] It may be the pleader intended to aver the adjudication of the bankruptcy of the partnership described in plea 9; but under the influence and presently deserved application of the familiar rule that, on hearing on demurrer, equivocal pleading is construed against the pleader, this possible purpose cannot be attributed to plea 8. The status averred in plea 9 is this: The adjudication of the bankruptcy of a member of a partnership, the discharge of such member, and the effort to assert that individual discharge in bankruptcy in favor of alleged comembers

who were not before the bankruptcy court, or who were not brought under its jurisdiction in such individual proceeding.

The concrete case considered in Francis v. McNeal, Trustee, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, is readily distinguishable from the status disclosed by plea 9. There "McNeal, trustee, in bankruptcy of a firm of which Francis was a member," sought to have the bankruptcy court, upon jurisdiction of the firm, extend its jurisdiction over the individual estate of a member of the firm; Francis having "consented and agreed to hand over his property according to the order of the court." In other words, the factor discriminating Francis v. McNeal, Trustee, from the status and judicial action described in plea 9, is that there the bankruptcy court acquired jurisdiction of the partnership, of which estate McNeal was trustee, while here jurisdiction over the partnership in question is not averred to have been acquired by the bankruptcy court. So the decision of the concrete case presented in Francis v. McNeal, Trustee, is not applicable to this appeal. But, in interpreting the Bankruptcy Act, particularly section 5h, the Supreme Court did affirm, in Francis v. McNeal, Trustee, the nonacquirement of jurisdiction of a partnership by a bankruptcy court, when the bankruptcy sought to be adjudicated was of an individual member, less than all, of the partnership. Lacey v. Cowan, 162 Ala. 546, 50 South. 281. This feature of the opinion in Francis v. McNeal, Trustee, requires the conclusion that the court erred in overruling the demurrer to plea 9.

[3] The allegations of plea 9, asserting plaintiff's filing of its claim in the individual bankruptcy proceedings described, and the reception of dividends under the administration in bankruptcy of that estate, present no element of inconsistency, since D. B. Dodd's estate was individually liable for the firm debt, not as a surety, but primarily and directly (Francis v. McNeal, supra), and hence even the plaintiff, as a firm creditor, evinced no election and erected no estoppel by proceeding to claim and enforce its demand against the individual estate of the bankrupt, D. B. Dodd. The following texts and annotations treat phases of the subject under consideration: 20 R. C. L. pp. 1051–1053, L. R. A. 1915E, 706; L. R. A. 1915F, 669, 670; 2 Rowley on Part. §§ 686, 687, 706. It is to be noted that the Supreme Court, in Francis v. McNeal, destroyed, as possible authority, the majority view in Re Bertenshaw, 157 Fed. 363, 85 C. C. A. 61, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, in so far as it was in conflict with Vaccaro v. Bank, 103 Fed. 436, 43 C. C. A. 279.

The plaintiff was moved to take a nonsuit by the erroneous adverse ruling of the court.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.