## TOM v. SAMPSELL.

### No. 10180.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1942.

Rehearing Denied Dec. 17, 1942.

George Gardner and W. Palmer Fisher, both of Los Angeles, Cal., for appellant.

Frank C. Weller and Thomas S. Tobin, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant and York K. Poon were employees and creditors of New Wells Market, a partnership composed of 11 partners. An involuntary petition in bankruptcy was filed against the partnership on July 10, 1941. The partnership was adjudged a bankrupt on July 16, 1941. Appellee was appointed trustee and, as such, brought an action against appellant and Poon for $12,286.52, with interest and costs. Trial was had and judgment was entered in favor of appellee against appellant and Poon jointly for $4,396.34, with interest and costs. Appellant seeks reversal.

The judgment was based on findings to the effect that the partnership was insolvent on and after July 2, 1941; that appellant and Poon knew it was insolvent and, with such knowledge, conspired to have the partnership make certain payments to themselves and other creditors of the partnership, with intent to give them-

selves and such other creditors a preference; and that between July 2, 1941, and July 10, 1941, pursuant to such conspiracy, payments were made by the partnership as follows: To appellant $1,505.64, to Poon $1,503.99, and to other creditors $1,386.71— a total of $4,396.34.

There was evidence that the payments were made, but there was no evidence that the partnership was insolvent when they were made. To prove such insolvency, it was necessary to prove that the partnership assets, together with the assets of the individual partners available for partnership debts, were insufficient to pay such debts. Bankruptcy Act, § 67, sub. d(1), 11 U.S.C.A. § 107, sub. d(1); Francis v. McNeal, 228 U.S. 695, 699–701, 33 S.Ct. 701, 57 L.Ed. 1029, L.R.A.1915E, 706; Vaccaro v. Security Bank, 6 Cir., 103 F. 436, 441–443; Tumlin v. Bryan, 5 Cir., 165 F. 166, 21 L.R.A.,N.S., 960; Baker v. Bates-Street Shirt Co., 1 Cir., 6 F.2d 854, 858; In re Fuller, 2 Cir., 9 F.2d 553, 554. There was no such proof.

There being no proof that the partnership was insolvent, there was, of course, no proof that appellant knew it was insolvent; nor was there any proof that he entered into a conspiracy, or that the payments were made pursuant to a conspiracy.

Judgment reversed.