## MASON v. MITCHELL.
### No. 10249.

Circuit Court of Appeals, Ninth Circuit.
April 28, 1943.

Earl E. Moss, of Los Angeles, Cal., for appellant.

Rupert B. Turnbull and Kenneth White, both of Los Angeles, Cal., for appellee.

Before GARRECHT, DENMAN and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court dismissing a petition for an adjudication in bankruptcy of an alleged partnership. Appellant, Elsa Mason, filed such a petition under § 5 of the Bankruptcy Act, 11 U.S.C.A. § 23, seeking a voluntary adjudication of an alleged partnership between herself and Thomas Mitchell. Mitchell answered denying the existence of the partnership and asserting his own solvency. The latter fact was stipulated between the parties and the district court, without deciding the issue of the existence of the partnership, affirmed the order of a referee dismissing the petition on the ground that "* * * a partnership is not bankrupt so long as any one of the members who compose it is individually solvent."

Appellant contends that for the purpose of bankruptcy under § 5 of the 1938 Act, a partnership is a separate entity and thus the solvency of any partner is immaterial to the issue of the solvency of the partnership. In support of this contention it is urged that the amendments to § 5, sub. a[1] and the addition of § 5, sub. b[2] by the 1938 Act compel such a conclusion, for otherwise "* * * the partnership is not being adjudicated separately."

It is also urged that although the issue here has not been passed upon since the adoption of the 1938 Act, the most recent case of the Supreme Court on the subject, Liberty National Bank v. Bear, 276 U.S. 215, 48 S.Ct. 252, 72 L.Ed. 536, reveals a judicial adherence to the "entity theory" which likewise compels the conclusion that the assets of a partner are not to be included in the determination of the solvency of a partnership.

We do not agree with appellant's contention.

First, the legal fiction of separate entity as applied to corporations or partnerships is purely a linguistic device utilized for conceptual convenience. It is not a premise to be reasoned from, but merely a shorthand statement of a conclusion. Thus, though the Supreme Court or the statute may in effect treat a partnership as an "entity" for some purpose, such treatment alone in no way aids in the solution of the:

---

[1] "§ 5. Partners. sub. a. A partnership, including a limited partnership containing one or more general partners, during the continuation of the partnership business or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt either separately or jointly with one or more or all of its general partners."

[2] "§ 5, sub. b. A petition may be filed by one or more or all of the general partners in the separate behalf of a partnership or jointly in behalf of a partnership and of the general partner or partners filing the same: Provided, however, That where a petition is filed in behalf of a partnership by less than all of the general partners, the petition, shall allege that the partnership is insolvent. A petition may be filed separately against a partnership or jointly against a partnership and one or more, or all of its general partners."

problem of whether the solvency of a partner is material to the solvency of a partnership. Further, in answer to appellant's argument that § 5 subs. a and b establish Congressional adoption of the "entity" theory, it may be pointed out in § 5, subs. c, i, and j[3] are as clearly predicated upon the "aggregate" theory. Therefore, it is apparent that these aspects of the statute do not provide a solution to the question of solvency.

■ Second, the amendments made to § 5 in the 1938 Act do not reflect an intent by Congress to work any far-reaching changes in the substantive law of partnership. As was stated in House Report 1409, June 29, 1937, 75th Cong., 1st sess., one of the purposes of the Act was to "provide a more workable partnership section." Following this declaration of policy, it was provided under § 5, sub. a, that a partnership could be adjudged a bankrupt either separately or jointly with one or more or all its general partners. Section 5, sub. b, was added permitting one or more of the general partners to file a petition in the separate behalf of a partnership or jointly in behalf of a partnership and of the general partner or partners. To this permissive section was added the proviso that where less than all the general partners file for the partnership there must be an allegation of partnership insolvency.

Co-ordinate with these changes in § 5, § 18, subs. a, b and d,[4] 11 U.S.C.A., § 41, subs. a, b, d, were amended to provide for mandatory service upon a nonassenting partner and to permit such partner to plead to the petition and controvert any facts alleged.

In explaining these changes, the House Judiciary Committee reported with reference to § 5, subs. a and b that "The present act [1898] does not provide for the filing of a joint petition by or against a partnership as an entity and one or more of the partners. This has resulted in confusion in procedure. Where a joint petition is not allowed, a proceeding is burdened with unnecessary expense and procedure. The bill expressly provides for the filing of a joint petition," and with reference to § 18, subs. a and b, "Where a partnership petition is filed by one or more but not all of the general partners, the petition must allege the partnership insolvency and the non-joining may controvert such issue. Section 18 is coordinated with this change, permitting a non-assenting partner to controvert the allegation of insolvency."

It is apparent from these remarks of the judiciary committee that the changes in §§ 5 and 18 were procedural in nature, affording a more expeditious practice. The former confusion adverted to arose out of a conflict in the lower federal courts over the question whether a joint petition could be filed by or against a partner and the partnership. In re Farley, D.C., 115 F. 359; In re Langslow, D.C., 98 F. 869.

The amendments to §§ 5 and 18 also revive in large measure the practice formerly possible under General Order VIII which had been nullified by the Supreme Court in 1925 in Meek v. Centre County Banking Co., 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028. Under the present Act a single partner may now file a petition for the partnership, but the rights of a non-assenting partner are protected through the requirement of service upon the latter and permission to answer.

The amendments also reaffirmed the practice of separate adjudication of a partner-

---

3 "§ 5, sub. c. The creditors of the bankrupt partnership shall appoint the trustee, who shall be the trustee of the individual estate of a general partner being administered in the proceeding * * *."

"§ 5, sub. i. Where all the general partners are adjudged bankrupt, the partnership shall also be adjudged bankrupt * * *."

"§ 5, sub. j. The discharge of a partnership shall not discharge the individual general partners thereof from the partnership debts * * *."

4 "§ 18, sub. a. * * * Upon the filing of a voluntary petition in behalf of a partnership by less than all the general

partners, service thereof, with a writ of subpoena, shall be made upon the general partner or partners not parties to the filing of such petition."

"§ 18, sub. b. The bankrupt and, in the case of a petition against a partnership, any general partner or, in the case of a petition in behalf of a partnership, any general partner not joining therein, may appear and plead to the petition * * *."

"§ 18, sub. d. If a party entitled to appear and plead shall appear * * * and controvert the facts alleged in the petition, the court shall determine * * * the issues presented by the pleadings * * *."

602

ship apart from adjudication of any partner which was established in National Liberty Bank v. Bear, supra.

The proviso in § 5, sub. b requiring an allegation of insolvency when less than all the general partners join in the petition for the partnership, might be construed as an attempt to resolve a conflict in the decisions of the lower federal courts on the question of what constitutes partnership insolvency. Vacarro v. Security Bank, 6 Cir., 103 F. 436; In re Forbes, D.C., 128 F. 137; In re Perlhefter, D.C., 177 F. 299; In re Hansley & Adams, D.C., 228 F. 564, holding that a partnership is not insolvent if its and its partners' assets exceed its and their liabilities. Contra, In re McMurtrey & Smith, D.C., 142 F. 853; In re Bertenshaw, 8 Cir., 157 F. 363, 17 L.R.A., N.S., 886, 13 Ann.Cas. 986. But because of the ambiguity of the phrase we do not rely on this possible construction.

Thus it is apparent that there is nothing in the present Act clearly indicating an adoption of one of the two views of what constitutes partnership insolvency. The changes relied upon by appellant all have adequate and more apparent significance than would be derived from the construction urged by her.

The problem thus reduced, is in essence what view of the case law this court should adopt as to the proof necessary under a required allegation of partnership insolvency? This question appears to be one of first impression in this circuit under § 5 of the Bankruptcy Act. Cf. Tom v. Sampsell, 9 Cir., 131 F.2d 779.

The leading case espousing the view that a partnership may be insolvent though its members remain solvent is In re Bertenshaw, supra, decided by the Eighth Circuit. The court in rendering that decision adopted unreservedly the "entity theory" as a premise in reaching its conclusion through a form of logical sequence. To the extent that it held the property of unadjudicated partners could not be administered by the trustees of the partnership, it fell into error. Francis v. McNeal, 228 U.S. 695, 33 S.Ct. 701, 702, 57 L.Ed. 1029, L.R.A.1915E, 706. The result of the McNeal case likewise detracts from the basis for the position taken in the Bertenshaw case regarding partnership insolvency.

The contrary view was adopted by the Second Circuit in Vacarro v. Security Bank, supra, and by way of dicta the Supreme Court in the McNeal case ap-

proved this position—Justice Holmes stating, "* * * ordinarily it would be impossible that a firm should be insolvent while the members of it remained able to pay its debts * * *." We believe this to be the more reasonable view.

As a matter of logic, it would follow from the common-law premise of an individual partner's direct liability for the debts of the partnership that the solvency of the partner should be considered in determining the solvency of the partnership. As a matter of policy it is more desirable to permit a nonassenting solvent partner to resist a petition in bankruptcy filed by another partner and settle the firm's obligations and thus avoid the involuntary administration of his property under the practice approved in Francis v. McNeal, supra.

We hold that under an allegation of partnership insolvency, the insolvency of all the partners must be proved. From this holding it follows that personal solvency may be raised by a nonassenting partner as a good defense to a petition filed on behalf of a partnership by another partner.

We affirm the order dismissing the petition.

Affirmed.