In the Matter of Viburnum One Associates, a limited partnership, Bankrupt.

VIBURNUM ONE ASSOCIATES, a limited partnership, Plaintiff-Appellee,

v.

FLAVIN ENTERPRISES, INC., Defendant-Appellant.

Civ. No. 78–0114–CV–W–4.

United States District Court, W. D. Missouri, W. D.

March 6, 1978.

Michael R. Rocer, Kansas City, Mo., for plaintiff-appellee.

Earl L. Davis, St. Ann, Mo., for defendant-appellant.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

This action is now before the Court on defendant Flavin Enterprises, Inc.'s appeal from the Bankruptcy Court's denial of its motion to dismiss and its motion for change of venue.

### I

### *Background*

On August 4, 1977, plaintiff, a limited partnership, filed a petition for a real property arrangement and relief under the provisions of Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801–926. On December

28, 1977, plaintiff commenced the present adversary proceedings, pursuant to Bankruptcy Rule 12–60, naming Flavin Enterprises, Inc. as defendant. In its Complaint, plaintiff alleges that, at all relevant times, it was the owner of certain real estate and improvements (a bowling alley) in the town of Viburnum, Iron County, Missouri, and that this property was leased to defendant Flavin Enterprises, Inc. under a lease agreement dated April 22, 1976. The Complaint then alleges that rent payments under the terms of the lease are in arrears and that, pursuant to the terms of the lease, plaintiff is entitled to immediate possession of this property. The Complaint further states that plaintiff leased certain bowling equipment and supplies to defendant, that defendant's rent payment on these items are also in arrears, and that plaintiff is entitled to immediate possession thereof.

On January 13, 1978, defendant filed its Motion to Dismiss and Motion for Change of Venue. On January 17, 1978, plaintiff filed its Suggestions in Opposition thereto, and on January 25, 1978, defendant filed its reply. By Order dated January 27, 1978, the Bankruptcy Court denied defendants' motions, giving defendant ten days to file its Answer to the Complaint. Defendant thereupon appealed this decision, pursuant to Part VIII of the Rules of Bankruptcy Procedure and Local Bankruptcy Rule 19.

## II

### The Issues

Pursuant to Local Bankruptcy Rule 19 D, defendant, on February 6, 1978, submitted its Statement of Issues on Appeal, wherein it has raised the following two contentions and no others:

"1. That the Bankruptcy Court lacks jurisdiction to hear the adversary proceeding because it has no authority to hear the Plaintiff-Bankrupt's original petition under Chapter XII since said petition fails to set forth the general partner is insolvent or unable to pay his debts as they mature; that such requirement is substantive and not procedural; that without jurisdiction· to hear Bankrupt's

original petition, the Bankruptcy Court lacks jurisdiction to hear this adversary proceeding which is based thereon.

.   .   .   .   .

"2. It was an abuse of discretion of the Bankruptcy Court not to transfer the adversary proceeding to the United States District Court of the Eastern District of Missouri."

Before reaching these issues, however, it is first necessary to determine whether the January 27, 1978 Order of the Bankruptcy Court is appealable.

## III

### Appealability of the Order

Whether to review an interlocutory order of the Bankruptcy Court is a matter left largely to the discretion of the District Judge. In *In re Radtke,* 411 F.Supp. 105, 106 (E.D.Wis.1976), the Court stated:

"It is apparent from the record in this matter that no order finally determining the rights of any party is at issue here. While the terms of section 39(c) [of the Bankruptcy Act, 11 U.S.C. § 67(c)] place no express restrictions upon orders reviewable by this Court, it is thought that such orders should reach ultimate issues of recovery or liability as among the contending parties. When an order of the bankruptcy court is essentially interlocutory in nature, as in the case at bar, the reviewability thereof is a question directed to the sound discretion of the district judge. Such review is generally discouraged." *See, e. g., Sulmeyer v. Pfohlman,* 329 F.2d 915 (9th Cir. 1964).

In 13 Collier on Bankruptcy ¶ 801.06 (14th ed. 1977), it is stated:

"Nothing in the Act or the old General Orders would appear to restrict the judge in reviewing an interlocutory order of the referee, but judges have exhibited considerable reluctance to do so, especially where the order is a mere preliminary step in a proceeding. Generally, the order must contain the elements of finality, be complete as to all parties and as to the whole subject matter reviewed, and be a

determination after issue. The purpose of refusal to review most interlocutory orders is to avoid interminable delay which would result from the district judge's attempting to regulate the minutest details of practice before referees.

"Thus, review has been refused of an order directing the filing of a responsive answer after an evasive answer, an order refusing a continuance, an order overruling objections to a petition, and an order denying a motion for summary judgment."

However, despite the common practice of district judges to refuse to review interlocutory orders of the Bankruptcy Courts, it has been argued that "many, if not most, interlocutory orders of the referee should be considered non-trivial, and therefore reviewable. Examples are temporary restraining orders, injunctions, orders punishing or certifying for contempt, compelling the production of books and records, overruling objections to jurisdiction, and many other orders which, though not finally dispositive of all issues between the parties, are nevertheless of sufficient impact as to permit, even require, supervisory review by the district judge." 13 Collier on Bankruptcy ¶ 801.06 (14th ed. 1977).

■ Upon careful consideration, this Court concludes that it will best serve the ends of justice to review the issues raised by defendant in this appeal.

## IV

### Jurisdiction

Defendant contends on this appeal that "the Bankruptcy Court lacks jurisdiction to hear the adversary proceeding because it has no authority to hear the plaintiff-Bankrupt's original petition under Chapter XII since said petition fails to set forth the general partner is insolvent or unable to pay his debts as they mature," and that "without jurisdiction to hear Bankrupt's original petition, the Bankruptcy Court lacks jurisdiction to hear this adversary proceeding which is based thereon."

■ Initially, it should be observed that a partnership may be adjudicated bankrupt irrespective of any adjudication as to the individual partners. Bankruptcy Act § 5a, 11 U.S.C. § 23(a); 1A Collier on Bankruptcy ¶ 5.13 (14th ed. 1972). However, "ordinarily it would be impossible that a firm should be insolvent while the members of it remained able to pay its debts with money available for that end." *Francis v. McNeal,* 228 U.S. 695, 700, 33 S.Ct. 701, 702, 57 L.Ed. 1029, 1080 (1913). This rule has been variously stated. In *Kaufman-Brown Potato Company v. Long,* 182 F.2d 594, 601–02 (9th Cir. 1950), the Court stated:

"A partnership, in the bankruptcy sense, is not insolvent unless the total of its assets combined with the assets of its individual members available for partnership debts does not exceed partnership debts. See 11 U.S.C.A. §§ 1(19) and 107, sub. (d)(1); *Tom v. Sampsell,* 9 Cir., 1942, 131 F.2d 779. More loosely stated, a partnership is not insolvent so long as any of its members are individually solvent." See *Mason v. Mitchell,* 9 Cir., 1943, 135 F.2d 599.

The Court in *In Re Segal,* 157 F.Supp. 232, 236 (S.D.Cal.1957) stated: "[A] partnership cannot be insolvent in the bankruptcy sense unless all the general partners are insolvent." *See also* 1A Collier on Bankruptcy ¶ 5.06 (14th ed. 1972).

■ While it is thus clear that insolvency of each of the general partners is the sine qua non of insolvency of the partnership entity, the implications of this rule on proper pleading are not so clear. Defendant argues that this rule necessitates plaintiff's specifically pleading that its general partner is insolvent. On the other hand, it could be argued that, because it is absolutely impossible for a partnership to be insolvent unless each of the general partners is insolvent, an allegation of the former necessarily implies the existence of the latter. Because of the liberality of pleading permitted in the federal system, this Court is inclined to permit plaintiff's allegation of partnership insolvency to suffice.

This conclusion is reinforced by plaintiff's literal compliance with the letter of the

applicable statutes. Section 423 of the Bankruptcy Act, 11 U.S.C. § 823, states:

"A petition filed under this chapter [11 U.S.C. § 801 et seq.] shall state that the debtor is insolvent or unable to pay his debts as they mature, and shall set forth the terms of the arrangement proposed by him."

Section 406(6) of the Bankruptcy Act, 11 U.S.C. § 806(6) defines "debtor," in pertinent part, as "a person . . . who could become a bankrupt under § 4 of this Act [11 U.S.C. § 22], who files a petition under this chapter [11 U.S.C. § 801 et seq.] and who is the legal or equitable owner of real property or a chattel real which is security for any debt, . . . " That a partnership is a distinct "person" capable of becoming a bankrupt under § 4 of the Bankruptcy Act, 11 U.S.C. § 22, irrespective of its general partners being adjudged bankrupts, is clear. *Meek v. Centre County Banking Co.,* 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028 (1924). Consequently, by alleging that it is insolvent, plaintiff has complied with all pleading requirements dictated by law.

Therefore, this Court must conclude that the Bankruptcy Judge was correct in ruling that it possessed jurisdiction to her plaintiff's original Chapter XII petition and the present adversary proceeding therefrom. Even if this Court were to reach a contrary conclusion, however, plaintiff would be granted leave to amend its petition to correct the defective allegations. As stated in C. Wright, Federal Courts, § 69 (3d ed. 1976):

"Defective allegations of jurisdiction may be amended . . . . Many pleadings have failed to allege the principle place of business of a corporate party, and amendment has frequently been allowed, even on appeal, to cure such an allegation."

*See Burkhardt v. Bates,* 296 F.2d 315 (8th Cir. 1961).

## V

### Change of Venue

■ Defendant next contends that "[i]t was an abuse of discretion of the Bankrupt-

cy Court not to transfer the adversary proceeding to the United States District Court of the Eastern District of Missouri."

Part VII of the Bankruptcy Rules governs adversary proceedings instituted by a party before a bankruptcy judge in a Chapter XII case. Bankruptcy Rule 12–60. The bankruptcy rule to which the Court must look for guidance in resolving the venue issue is, therefore, Rule 782, which provides:

"Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. An adversary proceeding transferred under this rule shall be referred to a referee by the clerk of the court to which it has been transferred."

A careful review of the record before this Court does not convince the Court that the Bankruptcy Judge, in denying defendant's motion for change of venue, committed an abuse of discretion. Among other equities which compel this conclusion is the fact that defendant is a Missouri corporation whose registered agent is located in Gladstone, Missouri, within the Western District of Missouri.

## VI

### Conclusion

For the reasons set forth hereinabove, it is hereby

ORDERED that the Bankruptcy Judge's order denying defendant's motion to dismiss for lack of jurisdiction be, and it is hereby, affirmed; it is further

ORDERED that the Bankruptcy Judge's order denying defendant's motion for change of venue be, and it is hereby, affirmed.