**In the Matter of SENATOR BILL'S, a Delaware General Partnership.**

**Bankruptcy No. BK–79–210.**

United States Bankruptcy Court, D. Delaware.

Jan. 15, 1980.

228

Samuel J. Frabizzio, Wilmington, Del., for William F. Hart and Joan C. Hart.

Richard H. Schliem, III, Wilmington, Del., for Ronald W. Hayes and Barbara B. Hayes.

James B. Tyler, III, Young, Conaway, Stargatt & Taylor, Wilmington, Del., for Peoples Bank & Trust Co.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

On September 11, 1979, a voluntary petition was filed on behalf of Senator Bill's, a Delaware General Partnership, by Joan C. Hart, a partner. Partner William F. Hart subsequently joined in that petition. Ronald W. Hayes and Barbara B. Hayes, the other partners, contend that the petition should be dismissed as the partnership is not insolvent. The matter was tried December 4.

■ If there is a contest by non-joining partners in what is otherwise termed a voluntary partnership petition, the petitioning partners must allege and prove the insolvency of the partnership. The kind of insolvency required is that known as "bankruptcy insolvency". Section 1(19) of the Act when read in conjunction with § 1(23) provides that a partnership shall be deemed insolvent whenever the aggregate of its property shall not at a fair valuation be sufficient in amount to pay its debts. 11 U.S.C. § 1(19), (23).

■ Under Delaware law, each partner is personally liable for the debts of the partnership. Thus, to determine whether a partnership is insolvent, we must look not only to the assets and liabilities of the partnership but also to the assets of its individual members, after payment of their individual debts. If then there is insufficient assets to make up the deficiency on the firm debts, the partnership is insolvent. 6 Del. C.Ch. 15; *Mason v. Mitchell*, 135 F.2d 599 (9th Cir. 1943); See also *In re Imperial "400" National, Inc.*, 429 F.2d 671, 679 (3rd Cir. 1970).

Although the proof adduced was lengthy, there is need for only a limited number of findings of fact. They are:

1. The primary asset of the partnership, a shopping center located at 60 North College Avenue, Newark, Delaware, has a present value of $460,000.

2. The assets of the Harts' separate estate have a value of approximately $47,000.

3. The value of the use of the Fenstermaker bonds namely $15,000 is either an asset of the partnership or of the Harts.

4. The total liabilities of the partnership and/or Harts is $571,402 (partnership $561,802; Harts $9,600).

5. The present net worth of the Hayes is approximately $499,000.

Placing these findings of fact in "T" account form, assets on the left—liabilities on the right, we have a difference of $449,598 of assets over liabilities.

| ASSETS | | LIABILITIES | |
|---|---|---|---|
| Partnership | $ 460,000 | Partnership and Hart | $ 571,402 |
| Hart | 47,000 | | |
| Bonds | 15,000 | Total Assets | $1,021,000 |
| Net Worth Hayes | 499,000 | Total Liabilities | 571,402 |
| | $1,021,000 | | $ 449,598 |

■■ Looking at the partnership *per se*, its liabilities do exceed its assets. However, the personal assets of the partners after payment of their individual debts are considerably more than enough to make up the deficiency on the firm debts. The obligation of the partners to supply these funds to

the partnership must be considered an asset. Thus, the partnership is not insolvent within the meaning of § 5b of the Bankruptcy Act and the petition must be dismissed.

The stated findings are limited to this contest proceeding and are not to be considered determinative of any issue subsequently litigated in this or any other court between the parties or any other party in interest that participated in the bankruptcy proceeding.