In re FLEET HEADQUARTERS, INC., also d/b/a Performance Sailing Yachts, Debtor.

AMERICAN NATIONAL BANK OF SOUTH CHICAGO HEIGHTS, a National Banking Association, individually and as Agent, Plaintiff-Appellant,

v.

FLEET HEADQUARTERS, INC., also d/b/a Performance Sailing Yachts, Defendant-Appellee.

In re George K. DURAND and Joyce D. Durand, Debtors.

AMERICAN NATIONAL BANK OF SOUTH CHICAGO HEIGHTS, a National Banking Association, individually and as Agent, Plaintiff-Appellant,

v.

George K. DURAND and Joyce D. Durand, Defendants-Appellees.

Bankruptcy Nos. 82 C 2949, 82 C 2950. Adv. Nos. 82 A 1168, 82 A 1169.

United States District Court, N.D. Illinois, E.D.

July 19, 1982.

Charles W. Siragusa, Crowley Barrett & Karaba, Chicago, Ill., for American Nat. Bank of South Chicago Heights.

James L. Nachman, Nachman Munitz & Sweig, Ltd., Chicago, Ill., for George K. Durand and Joyce D. Durand and Fleet Headquarters, Inc.

## Memorandum

LEIGHTON, Senior District Judge.

American National Bank (ANB) appeals from an order of the Bankruptcy Court entered on May 4, 1982, which denied its motion requesting a trial on its adversary complaint within 30 days of the preliminary hearing. In its adversary action, ANB seeks to have the automatic stay provided for in 11 U.S.C. § 362(a) vacated so that it can move to liquidate property which was pledged as collateral by defendants. ANB contends that under 11 U.S.C. § 362(e)(2) it was entitled to have a final hearing within 30 days of the preliminary hearing. Since the 30 day period has long since run, it argues that the automatic stay has been terminated by operation of law. After

careful consideration of the parties' submissions, the court, in light of the interlocutory nature of the Bankruptcy Court's order and the facts of this case, concludes that the order is nonreviewable and dismisses this appeal.

On May 7, 1981 George and Joyce Durand and Fleet Headquarters, Inc. and Midwest Sports Consultants, Inc., two corporations primarily owned by the Durands, filed joint voluntary petitons for reorganization under Chapter 11 of the Bankruptcy Code. On March 11, 1982, ANB filed its Complaint for Relief from the automatic stay provided for in 11 U.S.C. § 362. As noted, ANB seeks to commence foreclosure proceedings against certain property owned by the Durands and held as collateral by ANB. The Clerk of the Bankruptcy Court set April 18, 1982 as the date by which responses to the complaint were to be filed, and April 23, 1982 as the date for a preliminary or final hearing.

On April 5, 1982 ANB moved to advance the date by which defendants were to respond to certain interrogatories which ANB had filed on March 30, 1982. The motion was continued until April 14, 1982. On April 14, after a hearing, the Bankruptcy Court granted defendants an extension of time up to April 23, 1982 to answer or respond to ANB's complaint and interrogatories, held that the hearing on April 14 was a preliminary hearing as provided in 11 U.S.C. § 362(e) and ordered the automatic stay to remain in effect pending a final hearing. At a status hearing on April 28, 1982 the Bankruptcy Court gave defendants another extension of time in which to respond to the complaint, up to May 14, 1982. The court also set an interim status date of May 28, 1982 and set a trial date of June 25, 1982, the first available date on its calendar. On May 4, 1982 ANB moved to vacate the order of April 28, 1982 and to have a trial date set on or before May 14, 1982. The court denied ANB'S motion, although it did take some steps to expedite a final decision. ANB appeals from the order of May 4, 1982.

The May 4, 1982 order of the Bankruptcy Court is an interlocutory rather than final order. Whether to review such an order is left to the discretion of the district judge. *In Re Radtke,* 411 F.Supp. 105, 106 (E.D.Wis.1976); *Viburnum One Associates v. Flavin Enterprises,* 446 F.Supp. 652, 653 (W.D.Mo.1978). The present case involves the Bankruptcy Court's attempts to expeditiously handle matters and comply with the mandates of the Bankruptcy Code within the limits of its own docket and calendar, an area within which this court is hesitant to get involved. This is particularly true where, as here, the delay occasioned by the Bankruptcy Court's order was minimal and resulted in no apparent harm or prejudice to ANB's interests. Certainly this appeal has resulted in a long postponement of the the the final hearing date. Further, review by this court could result in a decision on ANB's complaint on the merits without the parties being heard. Such a drastic result is not required by the facts of this case and should be avoided. Accordingly, for the above reasons, the court declines to review the challenged order of the Bankruptcy Court, and hereby dismisses this appeal.

So ordered.