In the Matter of Adolf **SONNENSCHEIN,** Isidore Sonnenschein and Harry L. Bermack, individually and as Co-Partners doing business under the firm name and style of Stratford Factors and the Co-Partnership known as Stratford Factors, Debtors.

No. 63–B–843.

United States District Court
S. D. New York.
Jan. 17, 1969.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, for petitioner by Simon P. Gourdine, Asst. U. S. Atty., of counsel.

Levy, Levy & Ruback, New York City, for debtors, by Sydney B. Levy, New York City, of counsel.

CROAKE, District Judge.

### MEMORANDUM

A narrow question of the interpretation of section 40(c) (2) (b) of the Bankruptcy Act, 11 U.S.C. § 68(c) (2) (b), governing additional fees to be imposed in arrangement proceedings has been brought before this court by petition of the United States for review of an order of Hon. Edward J. Ryan, Referee in Bankruptcy. We agree with Referee Ryan's decision and affirm his order.

In October of 1963 a partnership known as Stratford Factors and the individual partners filed a petition for an arrangement under section 322 of the Bankruptcy Act, 11 U.S.C. § 722. About a year and a half earlier the partners had formed Stratford Financial Corporation which had assumed certain liabilities of the partnership and issued notes to cover them. These notes were indorsed by the partners. In November of 1963 the corporation also petitioned for an arrangement. Certain creditors of the partnership whose debts had been assumed by the corporation filed proofs of claim, totalling over $500,000, in both arrangement proceedings.

The corporation's plan of arrangement was confirmed on August 13, 1965. It provided for 100% payment over a period of years of the debts for which proofs of claim were filed in both proceedings.

The plan of arrangement for the partnership was found feasible by the Referee subject only to a determination that the debtors' deposit was sufficient to cover any fee imposed by section 40(c) (2) (b) of the Bankruptcy Act. See Bankruptcy Act, §§ 337(2), 361, 366, 11 U.S.C. §§ 737(2), 761, 766. The plan calls for 100% payment of the debts referred to above with the proviso that

> In no event shall creditors receive more than a total of 100 per cent from both Stratford Financial Corporation and the above-named debtors.

Testimony received by the Referee shows that the debts will in fact be paid by Stratford Financial Corporation and not by the partnership.

Section 40(c) provides that

> "(2) Additional fees for the referees' salary and expense fund shall be charged, in accordance with the schedule fixed by the conference * * * (b) against each case in an arrangement confirmed under chapter XI of this Act, and be computed upon the amount to be paid to the unsecured creditors upon confirmation of the arrangement and thereafter, pursuant to the terms of the arrangement * *."

Referee Ryan ruled that since there was no "amount to be paid to the unsecured creditors upon confirmation of the arrangement" that no fee was imposed by the statute.

The government relies on the words "each case" in arguing that a fee must be imposed. It cites cases, In re Wenz,

30 F.2d 705 (M.D.Pa.1929); In re Thompson, 17 F.2d 601 (D.N.H.1927); In re Farley, 115 F. 359 (W.D.Va.1902), which hold that "case" is to be read as "estate" in a proceeding by a partnership so that each partner must pay fees. These cases, although showing that the partnership may be covered by the section, are of no assistance in deciding whether the conditions for imposing an additional fee laid down by the Congress have been met. Even if the cases cited were on point, we would be inclined to follow the Second Circuit's decision also cited by the government. In re Poulos, 54 F.2d 1081 (2d Cir. 1932) (mem.), affirming, 53 F.2d 385 (S.D.N.Y.1931); see also Willis v. Hart, 11 F.2d 530 (5th Cir. 1926).

We find that the language of the statute is clear that an additional fee is not to be imposed in an arrangement proceeding unless unsecured creditors are in fact paid from the estate. Accordingly, Referee Ryan's decision to that effect, given at the hearing on November 6, 1968 and embodied in an order filed November 12, 1968 is affirmed.

So ordered.